[No. 2,945.]

JESSE L. WETMORE v. THE CITY OF SAN FRANCISCO.

PROOF IN SUIT TO RECOVER MONEY DUE ON CONTRACT.—In an action to recover money, an allegation in the complaint of the precise day the money became due under the contract, is not a material one, and the plaintiff may prove an indebtedness at the time of the institution of the suit.

PROOF UNDER GENERAL DENIAL IN ANSWER.—In an action to recover money due, the defendant, under an answer containing a general denial, may prove payment, or that the plaintiff had transferred the demand to another person.

RIGHT OF ASSIGNEE OF DEBT TO SUE.—If the owner of a money demand assign the same to another person by an assignment absolute on its face, the assignee may maintain an action for the recovery of the whole amount due, and the defendant cannot aver or prove that the assignment was only as collateral security for the payment of a debt.

JUDGMENT RECOVERED BY ASSIGNEE ESTOPS ASSIGNOR.—If the owner of a demand assign the same by an assignment sufficiently comprehensive in its terms to enable the assignee to sue and recover the whole sum due, a judgment in favor of the assignee operates as an estoppel upon the assignor to the same extent as though it had been recovered by the assignor.

Assignment of a Void Contract—What it Carries.—If the Street Superintendent of a city enters into a written contract with a party to improve the streets of a city, which is void for want of authority to make it, and the other contracting party makes a written assignment on the back thereof of "the articles of agreement on the other side thereof written, and all moneys hereafter due, payable or to be paid therefrom, and the full benefit, profit, and advantage thereof," it is not a mere assignment of the written contract, but transfers to the assignee the right to collect, demand, and receive all moneys due or to become due for the work specified in the contract, even if recovered on a *quantum meruit*, or for work and labor.

Judgment for Sum less than Claimed an Estoppel.—If the plaintiff, in an action to recover a gross sum alleged to be due under a contract, recover judgment for a less sum than he claimed, he cannot afterwards maintain an action for the residue.

Appeal from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The defendant recovered judgment in the Court below, and the plaintiff appealed.

The other facts are stated in the opinion.

*William Irvine* and *B. S. Brooks*, for Appellant.

The assignment of Wetmore on the back of the paper signed by the Superintendent of Streets, only transferred the paper. As the paper was of no value the assignment carried nothing.

Choses in action were always assignable in equity in parcels, and a draft on the Fund was an assignment *pro tanto*. Gibson drew his draft on the Exchequer: "Out of the money due to me from Horace Walpole out of the Exchequer, and what will be due at Michaelmas, pay to Tonson four hundred pounds." The Lord Chancellor said: "It is a credit on this fund, and must amount to an assignment of so much of this debt." (*Row* v. *Dawson*, 1 Vesey, 331, 332.) G. having a contract with M. to erect some building, gave Lett, a timber merchant of whom he bought materials, an order on M., payable in installments. The Vice Chancellor said: "I entertain no doubt that the order of July, 1828, amounts to an

equitable assignment." (*Lett* v. *Morris*, 4 Simon, 607–10.) The assent of the debtor was not necessary to the assignment. (*Ex Parte South*, 2 Swanst. 392; *Richardson* v. *Rust*, 9 Paige, 243; *Bradley* v. *Root*, 5 Paige, 641; *Yates* v. *Groves*, 1 Ves. Jr. 280.)

Even if the paper signed by Divier had been the contract, an assignment of it before any work had been done under it, would have been only an equitable assignment. (*Bradley* v. *Rost*, 5 Paige, 641; *Mitchell* v. *Merlin*, 2 Story, 630; *Langton* v. *Horton*, 1 Hare, 549; 2 Story Eq. Jur., Secs. 1040, 1040 *b.*, 1055.) A Court of equity would protect it, but it would not give the assignee any more than he was entitled to; and as the complaint itself set forth the fact that the plaintiff only claimed as mortgagee, the interest of the mortgagor could not be disposed of without his presence, and was not.

An order payable out of a fund, when collected, was held to disqualify the holder as a witness at law. (*Peyton* v. *Hallett*, 1 Cal. 363; *McMenomy* v. *Ferrers*, 3 Johns. 71; see, also, *Canfield* v. *Monger*, 12 Johns. 346; ib. 347.)

*W. C. Burnett* and *John B. Felton*, for Respondent.

The case stands thus, on plaintiff's own theory. The city was indebted to Wetmore in a certain sum on a certain contract which contract was one and entire; Wetmore assigned that contract and the cause of action arising thereon, to Lucas, Turner & Co.; Lucas, Turner & Co., on that single and indivisible cause of action, brought their suit and recovered judgment. If, through their negligence, they have recovered too little, Wetmore's course is against them; but the city's answer to them is plain: "If I have ever been liable to you, it is on a cause of action arising out of a certain contract, which contract you assigned to another, with full power to sue. By your assignee suit has been brought against me on that contract, and the question, how much there was due

on it, has been fully settled. So far as I am concerned, that cause of action is forever at an end. The entire cause of action is exhausted." (Vide *Herriter* v. *Porter*, 23 Cal. 385; *Cunningham* v. *Harris*, 5 Cal. 81; *Miller* v. *Overt*, 1 Wend. 487; *Farrington* v. *Payne*, 15 Johns. 431.)

The only exception to this rule is, where a distinct part of an entire demand is assigned, the assignee may recover his part by an equitable action, without prejudice to the recovery of the remaining distinct and separate parts held by the assignor. (*Cook* v. *Genesee Insurance Company*, 8 Howard's Practice R. 514.)

But this exception applies only to equitable actions, and is admissible then only when the party bringing the first separate action cannot recover the entire demand, because not the holder of the entire demand. But even in equity, the defendant may require the entire claim to be litigated at once; and it is because the defendant may do this, that it is admissible to sue for a part.


By the Court, CROCKETT, J.:

This action was commenced in the year 1855, and the complaint contains three counts, all in the ordinary common law form; the first upon a *quantum meruit* for work done and materials furnished by the plaintiff in and about the grading, planking, and bridging of Powell street in said city. Second—The ordinary count for work and labor done and materials furnished, for which, it is alleged, the defendant promised to pay the sum of one hundred and twenty-five thousand dollars. Third—Upon an account stated. The answer contains: First—A general denial. Second—An allegation that the plaintiff's cause of action, if any, " arises from and is founded upon a certain written contract, or alleged contract, purporting to be made on or about the 20th

day of September, 1853, by and between the City of San Francisco, through William Divier, Street Commissioner of the City of San Francisco, of the first part, and the said J. L. Wetmore, plaintiff, of the second part, and providing for the grading of Powell street, from Washington street to its intersection with Bay street." It is then averred that in December, 1853, Wetmore executed and delivered, under his hand and seal, an assignment of the contract of the firm of Lucas, Turner & Co., and that said firm had commenced an action on the contract against this defendant, which action was pending when the answer was filed. At the trial the written contract between the plaintiff and the Street Commissioner was put in evidence, together with the assignment from the plaintiff to Lucas, Turner & Co., which was indorsed on the written contract, and is, in form, an absolute, unconditional assignment of the contract "and all moneys hereafter due, payable, or to be paid therefrom, and the full benefit, profit, and advantage thereof." There was also put in evidence a written order, bearing even date with the assignment, and addressed by the plaintiff to the Collector of Street Assessments, directing him to pay all the money collected from property owners, along the line of the proposed improvements, to Lucas, Turner & Co. This order was accepted by the Collector; and it appeared at the trial that in October, 1855, Lucas, Turner & Co. commenced an action against the city to recover the money due to the plaintiff for the improvement of the street.

This action was twice brought into this Court on appeal; and the case is reported first in 7 Cal. 463, and afterwards in 28 id. 591. Ultimately Lucas, Turner & Co. recovered a final judgment against the city for about the sum of forty-seven thousand dollars; and the defendant insists that the assignment to them and the judgment recovered by them conclude the plaintiff, and bar any right of action he might otherwise have had. It is claimed, in support of this propo-

sition, that whatever rights the plaintiff acquired against the city, whether under the written contract or otherwise, passed to Lucas, Turner & Co. by virtue of the assignment; that the assignment was absolute in form and vested in them as against the city a right of action for the whole demand as fully as the plaintiff himself would have had if there had been no assignment; that having brought their suit for the whole amount, and having recovered judgment for a portion of it, neither they nor the plaintiff can maintain an action for the residue; that the demand was indivisible and could not be split up into several portions, so that an action might be maintained on each. On the other hand, the plaintiff contends: First, that the contract was assigned as collateral security only, and that the debt due from the plaintiff to Lucas, Turner & Co. having been fully paid, they have no further interest in the fund; second, that whilst the general rule is that a demand cannot be split up and a separate action maintained on each parcel, yet if the debtor assents to the division he cannot afterwards object to it, and it is claimed that by issuing warrants for fractional parts of the plaintiff's demand the city assented to the partition in this case; third, that when a creditor assigns a specific portion of his demand to a third person, this does not preclude him from maintaining an action for the residue; and it is further claimed that no portion of plaintiff's demand was in fact assigned to Lucas, Turner & Co., except that portion represented by the warrants delivered to them, and for which they obtained judgment; fourth, that the defendant cannot rely on this defense, because it is not within the issues made by the pleadings. If the last point is tenable it will be unnecessary to notice the others, and it will, therefore, be first considered. In each count of the complaint there is an averment that on the 27th day of April, 1854, the defendant was indebted to the plaintiff in a specified sum and promised to pay it, but has therein made default. The precise day was

not material and need not have been proven ; but the
answer contained a general denial, which made it incum-
bent on the plaintiff to prove a subsisting indebtedness
from the defendant to plaintiff at the time of the insti-
tution of the suit. Under this denial it would have been
competent for the defendant to prove payment. (*Freisch*
v. *Caler*, 21 Cal. 14 ; *Brown* v. *Orr*, 29 Cal. 120 ; *Dav-
anay* v. *Eggenhoff*, 43 Cal. 395.) For the same reason it
was competent to show that the plaintiff had transferred the
demand, and that the defendant therefore was not indebted
to him. The proof on this point was therefore within the
issue. Nor is it material whether the assignment from the
plaintiff to Lucas, Turner & Co. was intended, as between
themselves, to be only as collateral security, and not abso-
lute. Being absolute and unconditional in form, it empow-
ered Lucas, Turner & Co. to maintain an action for the whole
amount due from the city; and such was the nature of their
suit. It would not have been competent for the defendant
in that action to aver and prove that the assignment, though
absolute on its face, was in fact intended only as collateral
security for a debt. So long, at least, as the debt remained
unpaid, the assignee was entitled to maintain an action for
the whole sum due from the city. The legal title to the
whole was vested in the assignee, with a right of action as
complete as the assignor himself had or might thereafter
have become entitled to. If, therefore, the assignment was
sufficiently comprehensive in its terms to convey to Lucas,
Turner & Co. the whole of the plaintiff's demand against
the city, whether founded on the written contract or other-
wise, in that event the judgment which they recovered must
have precisely the same effect as an estoppel—as though it
had been recovered by the plaintiff himself. In other
words, if Lucas, Turner & Co. were authorized under the
assignment to recover the whole sum then due or to become
due from the city to the plaintiff, a judgment in their favor

would operate as an estoppel, precisely to the same extent as though it had been recovered by the plaintiff himself. This is too plain to merit further discussion. But the plaintiff insists that nothing was assigned except the written contract on the back of which the assignment was written; and he contends that this paper does not constitute a valid written contract between himself and the city. He claims, therefore, that nothing passed to Lucas, Turner & Co. by that assignment; but admits that his delivery to them of certain of the warrants issued by the city on account of the work operated as an equitable assignment *pro tanto*, and authorized them to recover from the city so much of the contract price as was represented by the warrants. But this view of the scope and legal effect of the assignment is too narrow. If it be conceded that the written contract was void, for want of authority in the Street Commissioner to enter into it, nevertheless the plaintiff's theory is, that no written contract was necessary; that the publication of the notice that it was the intention of the Common Council to improve the street, and the inviting of proposals for the work, and the accepting of the plaintiff's proposals, and of the improvement after it was made, estop the defendant from denying that there was a valid contract, substantially the same as that embodied in the written instrument.

If we accept this as the correct theory, it will aid us in interpreting the assignment to Lucas, Turner & Co. The paper purporting to be a written contract was executed on the twentieth September, and the assignment on the 10th December, 1853. Very little of the work probably was performed at the last named date, and we must interpret the assignment in the light of the surrounding facts, and give effect to it accordingly. Having borrowed from Lucas, Turner & Co. the sum of thirty-eight thousand dollars, the plaintiff proposed to secure the debt by assigning to them his contract with the city, which was probably then in pro-

cess of being performed. Under the belief, doubtless, that the written contract entered into with the Street Commissioner was a valid instrument, and obligatory on the city, he indorsed on the back of it the assignment to Lucas, Turner & Co., whereby he assigned and transferred to them " all the said recited articles of agreement, on the other side thereof (hereof?) written, and *all moneys hereafter due, payable, or to be paid therefrom,* and *the full benefit, profit, and advantage thereof.*" Considering the circumstances under which, and the purposes for which, the assignment was made, I think it was clearly the intention of the plaintiff, by the assignment, to transfer to Lucas, Turner & Co. the right to collect, demand, and receive all moneys due, or thereafter to become due, to him, for the 'work specified in the contract, and the language of the assignment is sufficiently comprehensive to express this intention. If we should hold that the assignment was a nullity, and passed nothing, because the written instrument on which it was indorsed was unauthorized by law, and, therefore, not obligatory, we should do violence to the obvious intention of the parties.

I am, therefore, of opinion that Lucas, Turner & Co. were entitled, as assignees, to sue for and recover the whole sum, if any, due to the plaintiff at the date of the assignment, or which might thereafter become due to him, for performing the work specified in the written contract. Being thus substituted to the plaintiff's right of action for the whole sum, if any, which he was entitled to demand, the judgment which they recovered will have the same effect as an estoppel, as though it had been recovered by the plaintiff himself. The rule invoked by the plaintiff, that if a specific portion of a demand be assigned, this will not preclude the assignor from maintaining an action for the residue, has no application to this case, as we have just seen that the whole demand was assigned to Lucas, Turner & Co. Nor can the suggestion that by issuing its warrants for different sums, as

the work progressed, the defendant consented to the splitting up of the plaintiff's demand, avail him in this action, for the reason that he did not attempt to split up his demand, but assigned the *whole* of it to Lucas, Turner & Co., who brought their action accordingly to recover the whole. They recovered judgment, however, only for the sum of forty-seven thousand dollars, or thereabouts, and the plaintiff now seeks to recover the residue. But no principle is better settled than that in an action to recover a gross sum, alleged to be due under a contract, if the plaintiff recover judgment for a less sum than he claimed, he cannot afterwards maintain an action for the residue. If the rule were otherwise there would be no end to the litigation. For these reasons I think the judgment ought to be affirmed, and it is, therefore, unnecessary to notice the other points discussed by counsel.

Judgment affirmed.

Mr. Justice NILES did not express an opinion.