[No. 14384. Department One. — December 31, 1891.]

PORTER MICKLE, RESPONDENT, v. J. R. HEINLEN, APPELLANT.

ASSUMPSIT — PLEADING — DENIAL OF NON-PAYMENT — EVIDENCE OF PAYMENT. — In an action of *assumpsit*, payment may be proved under an answer denying that the defendant has not paid the plaintiff in full, or that there is now due from the defendant to the plaintiff any sum whatever, although the payment is not affirmatively averred.

ID. — PAYMENT FOR SERVICES OUT OF BUSINESS — EVIDENCE — ADMISSION OF PLAINTIFF — TAKING GOODS NOT CHARGED. — Where the plaintiff testified that he had carried on business as the defendant's agent, having entire charge of the business, and keeping the books, and was in the habit of paying himself from the business, and that at the end of the year he either charged or credited himself on the books with the difference between what he had drawn out and his salary, the plaintiff's admission, on cross-examination, that he had taken goods for his own use, which had been paid for out of the business, but which he had not charged himself with or settled for in any way, tends to prove payment by the defendant, and it is error to strike it out on the ground that the answer denying non-payment did not plead a counterclaim or payment.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial.

The facts are stated in the opinion.

*N. O. Bradley, G. A. Heinlen,* and *A. B. Hunt,* for Appellant.

Under a denial of non-payment, payment may be proved. (*Bridges* v. *Paige,* 13 Cal. 640; *Hawkins* v. *Borland,* 14 Cal. 414; *Frisch* v. *Caler,* 21 Cal. 74; *Goddard* v. *Fulton,* 21 Cal. 435, 436; *Woodworth* v. *Knowlton,* 22 Cal. 164; *Davanay* v. *Eggenhoff,* 43 Cal. 396; *Wetmore* v. *San Francisco,* 44 Cal. 300; *Meredith* v. *Santa Clara Mining Ass'n,* 56 Cal. 183; *Wilt* v. *Ogden,* 13 Johns. 56; *Sill* v. *Rood,* 15 Johns. 230; *Edson* v. *Weston,* 7 Cow. 278; *Taft* v. *Montague,* 14 Mass. 282; *Manchester Iron Co.* v. *Sweeting,* 10 Wend. 163; *Sheets* v. *Baldwin,* 12 Ohio, 120; *Young* v. *Rummell,* 2 Hill, 479; *Gilbert* v. *Cram,* 12 How. Pr. 455; *Stoddard* v. *Onondaga Annual Conference,* 12 Barb. 576.)

*Brown & Daggett,* and *Daggett & Adams,* for Respondent.

The evidence that the respondent had retained and appropriated some one else's money was not admissible to prove payment. If it was proper ground for a counterclaim or set-off, it should have been so pleaded. (Boone's Code Pleading, sec. 85; Pomeroy's Remedies and Remedial Rights, secs. 734–737; Whittaker's Practice, 3d ed., 112, 151, 152; *Quinn* v. *Smith,* 49 Cal. 165; 7 Wait's Actions and Defenses, 522.) Not only should the appellant have alleged such facts separately as a counterclaim, but he should have denominated it a "counterclaim," in order to make it effectual for any purpose. (*Carpenter* v. *Hewel,* 67 Cal. 589; *Shain* v. *Belvin,* 79 Cal. 264.)

TEMPLE, C. — Defendant appeals from a judgment and order denying his motion for a new trial.

The complaint, which is verified, charges that plaintiff performed work for defendant from the first day of December, 1887, to and including the twenty-third day of March, 1889, under an agreement whereby defendant agreed to pay him $100 per month, amounting to

$1,576.00⅔, of which sum part has been paid, leaving a balance of $1,000.73⅔ still due.

There is also a count for $110, for money had and received.

The answer contains specific denials, and, among them, denies that defendant has not paid plaintiff in full, or that there is now due from defendant to plaintiff any sum whatever for work, labor, or services, or at all.

On the trial, the plaintiff, being a witness, testified that as defendant's agent he carried on the business of butchering, and kept a shop and sold meat at the town of Hanford; that he managed the business himself, kept the books, paid himself out of the business as he saw fit; that he purchased cattle, made deposits in the bank, and drew it out on checks as required; that at the end of the year he added up what he had drawn for his own use, and either charged or credited himself with the difference between that and his salary, on the books. In that way he ascertained the balance due him, for which suit was brought. On cross-examination, plaintiff admitted that hay, oats, and barley, to the amount of $71.64, had been paid for out of the business, and taken by him to his own use, and that he had never been charged with it or settled for it in any way. Plaintiff's counsel objected to the evidence, because there was nothing in the answer that calls for a statement of an account, and asked to have it stricken out so far as it would show a counterclaim or payment. The court held that payment could not be proven under the answer, there was no recoupment, set-off, counterclaim, or payment pleaded, and therefore sustained the objection and motion, defendant reserving his exception.

An offer was then made substantially to show that plaintiff had paid himself out of the business the entire sum claimed as wages, which offer was objected to on like grounds, with a similar ruling and exception.

This court has often held that under denials such as are contained in the answer in this case, payment may be proven, though not affirmatively averred. The ques-

tion, then, is, Did the evidence ruled out tend to prove payment? As the plaintiff had entire charge of the business and kept the books, was in fact his own paymaster, and was in the habit of paying himself from the business by taking what and when he chose, these appropriations must have been intended as payments or embezzlements. The fair conclusion is, that he intended to charge himself and forgot it. But if he intended a misappropriation, the result would be the same. Under the pleadings the defendant could not recover judgment if the balance were found against the plaintiff. But to the extent of paying the debt, the motive would be immaterial. We do not appreciate the suggestion that this may necessitate going through the books and stating an account. If that be necessary to ascertain the balance due plaintiff, it must be done.

As there must be a new trial, it is unnecessary to express an opinion as to the issue of fact, so fully argued in the briefs.

We think the judgment and order should be reversed, and a new trial had.

BELCHER, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed, and a new trial ordered.

Hearing in Bank denied.