[S. F. No. 1154.   Department Two.—July 11, 1899.]

COUNTY OF MENDOCINO, Respondent, v. J. R. JOHNSON, et al., Appellants.

125  337
136   87

ACTION UPON BOND OF TAX-COLLECTOR—BURDEN OF PROOF—DEFAULT—PAYMENT.—In an action against a tax-collector, on his official bond, to recover money collected and not paid over, the burden of proof for the plaintiff is sustained by showing that the tax-collector made default in failing to pay over, at the end of his term, moneys due the county; and the burden of proof is then on the defendants to show payment in full.

ID.—MODE OF PAYMENT—OFFER OF PROOF.—A payment to the tax-collector in a mode other than that expressly provided by law, will not exonerate the tax-collector or his bondsmen from an action by the county, unless it is proved that the county actually received the money, as distinguished from a mere deposit thereof with the treasurer. It is error to refuse an offer of proof that the county actually received the money, without proof first made of a compliance with the county government act by the tax-collector.

ID.—EVIDENCE—RECEIPTS TO TAX-COLLECTOR—TESTIMONY OF TREASURER—POSSIBLE AMENDMENT OF COMPLAINT.—It is error to exclude from evidence receipts given by the treasurer to the tax-collector, notwithstanding the evidence of the treasurer that a receipt for $3,000 was fraudulently obtained, and that no such payment was in fact made; nor can the exclusion be excused as without injury, on the ground that the complaint might thereafter be amended by charging the tax-collector with what he showed by the receipts was paid above the amount alleged, and

CXXV. CAL.—22

crediting him accordingly, still leaving the discrepancy of $3,000 to be accounted for by the tax-collector.

APPEAL from a judgment of the Superior Court of Mendocino County and from an order denying a new trial. S. K. Dougherty, Judge.

The facts are stated in the opinion of the court.

R. McGarvey, and J. A. Cooper, for Appellants.

G. A. Sturtevant, J. Q. White, and Seawell & Pemberton, for Respondent.

HENSHAW, J.—This is an action brought by the county of Mendocino against J. R. Johnson, formerly its tax collector, and against the sureties upon his official bond, to recover the sum of $3,000, moneys which it is alleged were collected by the tax collector and not accounted for by him in accordance with law. The cause was tried by a jury, which rendered a verdict for plaintiff in the sum of $2,886.80. From the judgment which followed, and from the order denying defendants a new trial, they prosecute these appeals.

The complaint alleged that the defendant Johnson, as tax collector, on and after the first day of October, 1894, and before the seventh day of January, 1895, collected and received the sum of $132,884.69, which he should have paid into the treasury of the county on or before the seventh day of January, 1895, "but that he did not pay prior to the seventh day of January, 1895, and has not since, of the moneys aforesaid, paid into the treasury of said county any other or greater sum than $129,897.69.

Plaintiff's case rested mainly upon the testimony of the county treasurer, who said that upon the eighteenth day of December, Mr. Hardy, the deputy tax collector, had demanded of him a receipt for three thousand dollars, which he asserted he had paid into the treasury upon the eleventh day of December preceding, and Handy stated, according to the testimony of the county treasurer: "I came in and you were out of your office. I set it down on the floor. I went out and then went to my office to get more money, and forgot to come back." He testified fur-

ther that Handy had said that he obtained the money from Mr.
Redemeyer's bank upon that day, and that Redemeyer had ac-
companied him when he left the money.   The treasurer then
asked Mr. Redemeyer if Handy had obtained the money from
him, and Mr. Redemeyer answered, "Yes; I come with him."
Under these circumstances the treasurer says he gave to the tax
collector a receipt for $3,000 more than was paid him.   He also
in January and in February made his sworn statements, as re-
quired by law, to the effect that this $3,000 had actually been
paid in and was in his possession.   He further testified that his
books showed that he had not received the $3,000, and that in a
subsequent conversation with Mr. Redemeyer (the banker with
whom the tax collector seems to have deposited funds awaiting
the time of his settlement with the treasurer) the latter in-
formed him that he was mistaken when he said that he had
accompanied Handy upon the eleventh; that Handy had drawn
$3,000 from the bank upon the eleventh, but that he had not
accompanied Handy, and did not know what disposition Handy
had made of the money.

1. The treasurer's examination was carried over the payments
made to him by the tax collector in October, November, and De-
cember, 1894.   He also swore that he had received nothing from
the tax collector in the year 1895, up to and including the sev-
enth day of January.   Plaintiff, it will be remembered, charged
the tax collector with the receipt of the sum of $132,000, and
then alleged that of this sum he had not prior to the seventh
day of January, and had not since that date, paid in any other
or greater amount than the sum of $129,000.   The seventh day
of January, 1895, was the date of the expiration of the tax col-
lector's term.   It was the date when by law he was required
to make his settlement with the auditor and treasurer, but, if
he failed to make his settlement upon that date, and did there-
after pay in full all of the moneys due from him to the county,
the particular cause of action charged upon here would not lie.
It was therefore essential for the plaintiff to aver defendant's de-
fault and failure to pay the money, and it was equally essential to
follow the averment by proof, for issue was joined upon this ques-
tion. But the averment was supported by sufficient evidence when
it was shown that the tax collector did not pay over all of the

moneys due to the county upon the seventh day of January. The tax collector's default was then shown, and the burden. of proof thereupon shifted to him to prove payment. The defense of payment may be made under the general issue, but the burden of proof is on the defendant. (*Frisch v. Caler*, 21 Cal. 71; *Wetmore v. San Francisco*, 44 Cal. 294; 2 Greenleaf on Evidence, Lewis' ed., sec. 516.) The verdict is therefore supported by the evidence.

2. When the deputy tax collector was called to the witness stand by the defendants in their effort to prove by him that he had actually paid the $3,000 into the treasury, and that the treasurer's receipt therefor was not secured by fraud or misrepresentation, but was a valid recognition of the payment thus actually made, it was objected upon behalf of the plaintiff that the forms of payment prescribed by the County Government Act of 1891 were not followed, and that therefore the evidence was inadmissible. Those forms are established by section 115 of the County Government Act of 1891 (Stats. 1891, p. 323), and by section 71 of the same act (Stats. 1891, p. 316). It is made the duty of the auditor to examine and settle the accounts of all persons indebted to the county and holding moneys payable into the county treasury, and thereafter, upon the presentation and filing of the treasurer's receipt for such money, the auditor shall give to such person his discharge, and charge the treasurer with the amount named in the receipt. The treasurer is forbidden to receive any money into the treasury unless accompanied by the certificate of the auditor. After discussion the court ruled in the following language: "You want to show from this witness that he paid $3,000 into that treasury on the eleventh of December, without any authority on the part of the treasurer to receive it. The evident object of that provision is to throw a safeguard around the public funds. The objection is sustained to this. I have no doubt about it. I sustain the objection. I sustain the objection unless you say that you expect to follow the testimony up by showing that he has complied with section 115 of the County Government Act; that he first went to the auditor, and that the auditor examined the account, and that he settled it, and that he gave a certificate to the tax collector authorizing him to deposit those three thou-

sand dollars in the treasury." A payment to the treasurer in a mode other than that expressly provided by law would not exonerate the tax collector or his bondsmen from an action at the instance of the county, unless proof were made that the county actually received the money. In other words, the tax collector, or any other debtor of the county, is entitled to his acquittance from the county only when he has complied with the forms of law governing his payments into the treasury. If he sees fit to adopt an unauthorized mode of payment, he will be exonerated when he can make it appear, not only that he has paid the money, but that the county has received it. The mere deposit with the treasurer would not be proof sufficient thus to exonerate him. It would be in the nature of an individual deposit made at the party's private risk. But, nevertheless, if the tax collector could show that he had in fact paid the money to the treasurer, and that the county had obtained the benefit of it, then, notwithstanding the irregularity, no loss of funds would have resulted, and neither the tax collector nor his bondsmen could be properly charged in an action such as this for peculation or misappropriation. Therefore, although the offered evidence of the irregular payment would not have been sufficient of itself to exonerate the defendants, it was a step in that dirction, and it was error upon the part of the court to refuse to accept the evidence without proof first made of a compliance with the terms of the County Government Act, since that proof, from the loose methods seemingly employed by the treasurer and auditor, as well as the tax collector, could never be made at all, not only as to the $3,000 here in question, but perhaps also as to the whole $132,000 charged upon.

3. The court excluded evidence of four payments aggregating $3,361.23 made by the tax collector to the treasurer, as shown by the treasurer's receipts. The respondent adopts the decision of the judge in denying the motion for a new trial, and therein it is conceded that the rejected evidence was competent evidence, which should have been admitted; but it is said that defendants were not injured by it, because "plaintiff by amendment would simply charge him with all that he showed was paid in as tax collector over the amount alleged, and credit him accordingly, still leaving the error of $3,000 on the eighteenth to

be accounted for by him." If the evidence was competent, and it seems to have been, it should have been admitted, nor can its rejection be justified upon the ground that the plaintiff might thereafter have amended its complaint.

We think that what has been said renders unnecessary a consideration of other matters urged by appellants; and for the foregoing reasons the judgment and order are reversed and the cause remanded.

McFarland, J., and Temple, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.