[Civ. No. 542. Second Appellate District.—October 14, 1908.]

J. MARION BROOKS, Appellant, v. STEVEN ARDIZ-
ZONE, FRANK ARDIZZONE, GEORGE ARDIZZONE,
and ANTONIO ARDIZZONE, Respondents.

ACTION FOR ATTORNEY'S FEES—SUPPORT OF FINDINGS—CONFLICTING EVI-
DENCE—NONEMPLOYMENT—PAYMENT BY SINGLE EMPLOYER.—In an
action to recover attorney's fees under an alleged employment by
all of the defendants, where the only question relates to the suffi-
ciency of the evidence to support the findings for the defendants,
held, that notwithstanding a decided conflict in the evidence, there
is evidence sufficient to support findings that as to all of the de-
fendants save one no employment of the plaintiff existed, that no
one having authority from them, or either of them, requested ser-
vices from the plaintiff, and that no services were rendered by him
to them, or either of them; and that for all services rendered by
plaintiff to the remaining defendant payment was made by him to
plaintiff in full.

ID.—PROOF OF PAYMENT UNDER GENERAL DENIAL.—Although payment
    was not pleaded in the answer, it may be proved in this state under a
    general denial to an unverified complaint, which tenders only the
    general issue.

APPEAL from an order of the Superior Court of Los
Angeles County, denying a new trial. Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

J. Marion Brooks, Clara S. Foltz, and Henry E. Wills, ·for
Appellant.

Gray, Barker & Bowen, for Respondents.

ALLEN, P. J.—Appeal by plaintiff from an order deny-
ing a new trial. The action was one to recover attorney's
fees on account of services alleged to have been rendered by
plaintiff to defendants within two years preceding the filing
of the complaint. The answer is a general denial. The court
found that plaintiff performed no services of any kind for de-
fendants within the time specified and that no sum was due
or payable to plaintiff on account thereof; that no services
were rendered Steven Ardizzone by plaintiff within such time
for which payment had not been made in full. There was no
appeal from the judgment perfected within proper time, and
the only matter which can be considered under the record re-
lates to the sufficiency of the evidence to support the findings.
There is a decided conflict in the evidence, but the trial court,
having before it the witnesses, determined all of the issues in
defendants' favor, and there is some testimony going to sup-
port the finding that as to all of the defendants other than
Steven Ardizzone no employment of plaintiff ever existed, and
no one having authority from them, or either of them, ever re-
quested services to be performed in their behalf, and that no
services were in fact rendered to them or either of them by
plaintiff. As to Steven Ardizzone, the evidence is uncontra-
dicted that certain services were rendered him by plaintiff
within the time mentioned, but he testifies, and the court
seems to have accepted his statement as true, that for all such
services performed by plaintiff he made payment to plaintiff
in full. While no plea of payment is presented by the an-

swer, the right to prove the same exists in this state where the general issue only is tendered. (*Wetmore* v. *San Francisco,* 44 Cal. 300.)

The order denying a new trial must, therefore, be affirmed; and it is so ordered.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 8, 1908.