[L. A. No. 4716. Department Two.—March 19, 1919.]

CITY OF SAN DIEGO (a Municipal Corporation), Appellant, v. M. HALL et al., Respondents.

[1] APPEAL — JUDGMENT — SUBSTANTIAL CONFLICT IN TESTIMONY.—A judgment will not be disturbed on appeal where there is a substantial conflict in the testimony.

[2] EASEMENT — PUBLIC HIGHWAY ACROSS CITY BLOCK — USER — INSUFFICIENCY OF EVIDENCE.—In an action by a city to quiet its title across a block of land on the theory that a public highway had been acquired by user, a judgment in favor of the defendants is sup-

ported where there was a failure to show that there was a user of any definitely delimited portion of the block continuously and adversely for five years with the knowledge of the owners or by their consent, direct or implied.

[3] ID.—IMPLIED DEDICATION—EVIDENCE.—Something more than a mere casual user must be shown before any valid dedication will be implied.

[4] ID.—UNINCLOSED AND UNCULTIVATED LAND — USER BY PUBLIC — LICENSE.—In order to constitute a valid dedication, there must be an intention on the part of the owner to devote his property to the public use, and while it is true that this intent may be inferred from long acquiescence in a use by the public, yet where land is uninclosed and uncultivated, the fact that the public has been in the habit of going upon the land will ordinarily be attributed to a license on the part of the owner, rather than to his intent to dedicate.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge. Affirmed.

The facts are stated in the opinion of the court.

T. B. Cosgrove, City Attorney, S. J. Higgins and M. R. Thorp, Deputy City Attorneys, for Appellant.

Sam Ferry Smith for Respondents.

MELVIN, J.—This action was brought by the city of San Diego to quiet its title across block No. 404 of Horton's Addition. It was stipulated that the fee belongs to the defendants, but the city took the position that by use of this property for many years the public had obtained an easement for the extension of Horton Avenue, a street seventy-five feet in width. Judgment was given in favor of the defendants and the city appeals.

The map accompanying the record indicates that block No. 404 was one of the subdivisions of an addition placed upon the market some years ago. It is bounded upon all sides by dedicated streets. Horton Avenue leads into Upas Street, which bounds block No. 404 on its southerly side. The theory of the plaintiff is that Horton Avenue was used by residents in that part of the city, and by the public generally, and that with the knowledge of the owners of the aforesaid block that

part of block No. 404 which would have been a part of Horton Avenue extended became a public highway by user.

The substance of the decision appears in the following findings: "That said premises are not any part of Horton Avenue in said City of San Diego and have never been used by said City or by the public, or by anyone as a part of, or as a continuation of Horton Avenue in said City.   That said defendants and their predecessors in interest have never used any part of said premises for street or highway purposes and the same have not been used with the actual knowledge of the defendants, or the defendants' predecessors in interest for street purposes and that there has been no adverse user of said premises or any part thereof by the plaintiff or by the public in general.

"That no part of the land described in plaintiff's complaint is a public street known or called Horton. Avenue, or any other street, or any part of a public street within the corporate limits of the City of San Diego."

The theory of the appellant is that these findings are not supported by the evidence, but that the uncontradicted testimony shows a user of this strip sought to be condemned. [1]   Our examination of the voluminous transcript, however, convinces us that the court acted in accordance with abundant testimony on behalf of respondents and that this is one of those cases in which there having been a substantial conflict in the testimony this court may not interfere with the judgment.   Some of the witnesses, called on behalf of respondents, testified that while there was a road wide enough for a wagon to traverse, extending in a general northerly and southerly direction across block No. 404, its location changed from year to year according to the fancy of those who had occasion to drive there, and that when grain was growing on the property residents in that part of the city went around the standing crop.   Witnesses both for the plaintiff and the defendants testified that the roadway commonly used by people in that vicinity passed far to the west of the strip sought by the city to be condemned.   Others testified that those crossing block No. 404 never used Horton Avenue at all, but came in from a point far to the westward of Horton Avenue as that street is delineated on the filed map presented in evidence.   [2]   This testimony, if believed, would, of course,

justify findings to the effect that Horton Avenue extended across block No. 404 never became dedicated to public use.

The record also fails to show that there was a user of any definitely delimited portion of block No. 404 continuously and adversely for five years with the knowledge of the owners or by their consent, direct or implied. [3] This lack of proof supports the judgment, because something more than a mere casual user must be shown before any valid dedication will be implied. The rule upon this subject—a rule to the measure of which appellant's testimony fails to reach—was well expressed by Mr. Justice Sloss, speaking for the court in Bank, in the case of *F. A. Hihn Company* v. *City of Santa Cruz and Union Traction Co.,* 170 Cal. 436–447, [150 Pac. 62–68] : [4] "In order to constitute a valid dedication, there must be an intention on the part of the owner to devote his property to the public use. (*California Navigation Co.* v. *Union Transportation Co.,* 126 Cal. 433, [46 L. R. A. 825, 58 Pac. 936] ; *Niles* v. *Los Angeles,* 125 Cal. 572, [58 Pac. 190].) It is true that this intent may be inferred from long acquiescence in a use by the public. (13 Cyc. 455.) But where land is uninclosed and uncultivated, the fact that the public has been in the habit of going upon the land will ordinarily be attributed to a license on the part of the owner, rather than to his intent to dedicate. (13 Cyc. 484.)"'

It follows that the judgment must be and accordingly it is affirmed.

Lennon, J., and Wilbur, J., concurred.