[Civ. No. 5433.  First Appellate District, Division One.—February 17, 1927.]

DAVID E. SNODGRASS, Appellant, v. HAROLD G. SNODGRASS, Respondent.

[1] SERVICES—ACCOUNT STATED—FINDINGS—CONFLICTING EVIDENCE—APPEAL.—In an action based upon a complaint containing two counts, one for the value of services rendered and the other upon an account stated, where the testimony was conflicting on the questions whether services were rendered and an account stated as alleged, and the record discloses sufficient evidence to support the findings of the trial court in favor of defendant on such issues, its conclusions cannot be disturbed on appeal.

[2] ID.—PAYMENT—PLEADING—EVIDENCE.—While the negative allegation of nonpayment in an action for services need not be proved, under an answer denying the allegation payment may be shown.

[3] ID.—NEW TRIAL—ALLEGED SURPRISE—PAYMENT—PLEADING — CONTINUANCE.—Plaintiff's motion for a new trial on the ground that he was surprised by testimony adduced on behalf of defendant showing payment of the claim because defendant, in negotiations looking to a settlement of the action, made no suggestion that he would rely upon payment as a defense to the action, and did not affirmatively plead payment as a defense, was properly denied, where the allegations of the complaint were denied, and payment may be shown under an answer denying the allegation of nonpay-

2.  See 20 Cal. Jur. 951.

ment, and no application for a continuance was made, nor were adequate reasons shown for a failure to do so.

[4] ID.—EVIDENCE—SURPRISE—CONTINUANCE — APPEAL.—It is the general rule that a party who claims to have been surprised by the evidence adduced by his adversary must move for a continuance or he will not be permitted to avail himself of that point on appeal.

(1) 4 C. J., p. 883, n. 33.    (2) 1 C. J., p. 726, n. 55; 5 C. J., p. 1406, n. 77.    (3) 29 Cyc., p. 864, n. 48, p. 866, n. 60.    (4) 3 C. J., p. 802, n. 97 New; 29 Cyc., p. 878, n. 65.

APPEAL from judgments of the Superior Court of the City and County of San Francisco.    T. I. Fitzpatrick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Joseph J. Geary for Appellant.

Arnold C. Lackenbach for Respondent.

CASHIN, J.—Appeals from the judgments entered for defendant in two actions brought by appellant to recover for services alleged to have been rendered to defendant at his request.

The cause of action in each complaint was stated in the form of two common counts, one for the value of services rendered and the other upon an account stated, it being alleged in each count that the claim was unpaid.

The actions, numbered 150686 and 150687 respectively, as shown by the register of actions in the trial court, were by stipulation of the parties tried together, and the appeals are presented on the same transcript.

The allegations of the complaint, which were denied, were found to be untrue, and appellant contends that the findings on the issues in the first case are not sustained by the evidence.

[1] While the testimony in that case was conflicting on the questions whether services were rendered and an account stated as alleged, the record discloses sufficient evidence to support the findings of the court on these decisive

4.  See 20 Cal. Jur. 71.

issues, and its conclusions cannot be disturbed (*Del Monte Ranch Dairy Co.* v. *Bernardo,* 174 Cal. 757 [164 Pac. 628]; *City of San Diego* v. *Hall,* 180 Cal. 165 [179 Pac. 889]).

The notice of intention to move for a new trial in the second action designated as grounds thereof those provided by section 657 of the Code of Civil Procedure with the exception of the second subdivision thereof, and stated that the motion would be made upon affidavits and upon the minutes of the court. Appellant contends that his affidavits supporting the motion on the grounds of surprise and conduct on the part of his adversary by which it was alleged that he was prevented from having a fair trial, not having been met by counter-affidavits, the denial of the motion was erroneous.

As stated, the allegation that services were rendered was denied. It appears, however, from the testimony of defendant and his witness that services were rendered for the agreed compensation alleged; but, according to this testimony, appellant was paid at the time of their performance. It appears from the affidavits mentioned that defendant and his witness testified that appellant received from the former a check in the sum of five hundred dollars, which was the amount claimed in the action, as compensation for the services alleged; that appellant then owed respondent and his witness sums aggregating the amount of the check which upon its receipt appellant then paid by its indorsement and redelivery. This testimony, by which appellant alleged that he was surprised, was denied by him at the trial, and he alleged in his affidavit that the check mentioned was not received in payment of the claim or as part of the transaction involved in the action; that he was not indebted, as testified by defendant and his witness; that this, with further testimony by the latter that at the time the loans were made to appellant he was in necessitous circumstances, was wholly untrue; that he is now able to show by the record of a certain bank that at the times mentioned he had on deposit therein sums equal to the amount claimed to have been loaned, his affidavit in the latter respect being supported by that of an officer of the bank mentioned. He urges further that in negotiations looking to a settlement of the action, which were had before the trial, no suggestion was made by defendant that the claim had been paid; that

from this and the fact that payment was not affirmatively pleaded as a defense he was surprised by the testimony mentioned, and that he was not prepared to meet such testimony at the time of the trial.

No motion for a continuance was made, and it is not contended that the evidence as to the condition of appellant's bank account was not readily available. [2] While it has been held that the negative allegation of nonpayment in actions of this character need not be proved (*Melone* v. *Ruffino,* 129 Cal. 514 [79 Am. St. Rep. 127, 62 Pac. 93]; *Janeway and Carpender* v. *Long Beach Paper & Paint Co.,* 190 Cal. 150 [211 Pac. 6]), under an answer denying the allegation payment may be shown (*Wetmore* v. *San Francisco,* 44 Cal. 294; *Mickle* v. *Heinlen,* 92 Cal. 596 [28 Pac. 784]; *Bank of Shasta* v. *Boyd,* 99 Cal. 604 [34 Pac. 337]; *County of Mendocino* v. *Johnson,* 125 Cal. 337, 340 [58 Pac. 5]; *Brooks* v. *Ardizzone,* 9 Cal. App. 215 [98 Pac. 393]). It is not contended that in the course of the negotiations mentioned appellant was misled by any affirmative act or statement by defendant, but by the fact alone that the latter made no suggestion that he would rely upon payment as a defense to the action.

[3] In view of the issue made by the pleadings and the rule mentioned above, we are of the opinion that it cannot reasonably be urged that either plaintiff or his attorney was misled by defendant's silence, or that surprise in a legal sense can be predicated thereon. As stated, no application for a continuance was made, nor are adequate reasons shown for a failure to do so. [4] It is the general rule that a party who claims to have been surprised by the evidence adduced by his adversary must move for a continuance, or he will not be permitted to avail himself of that point on appeal (*Doyle* v. *Sturla,* 38 Cal. 456; *Heath* v. *Scott,* 65 Cal. 548, 552 [4 Pac. 557]; *Bailey* v. *Richardson,* 66 Cal. 416 [5 Pac. 910]). The circumstances shown do not in our opinion bring the case within the exception stated in *Delmas* v. *Martin,* 39 Cal. 555, and we are satisfied that the motion was properly denied.

The judgments are affirmed.

Tyler, P. J., and Knight, J., concurred.