[Civ. No. 6117. First Appellate District, Division Two.—January 25, 1930.]

DAVID E. SNODGRASS, Appellant, v. HAROLD G. SNODGRASS, Respondent.

Joseph J. Geary for Appellant.

Arnold C. Lackenbach for Respondent.

STURTEVANT, J.—The *remittitur* in the case of *Snodgrass* v. *Snodgrass*, 81 Cal. App. 360 [253 Pac. 755], went down on the twenty-first day of April, 1927. On the twenty-second day of April, 1927, defendant served and filed a purported cost bill. It had attached to it a verification certificate in which defendant's attorney purported to make the affidavit of verification. The purported affidavit was signed by the attorney, but the jurat was not filled in and was not signed by any officer having the power to administer an oath or by anyone else. On the twenty-sixth day of April, 1927, the plaintiff served a notice of motion to strike the document from the files. That motion came on for hearing on the seventeenth day of June, 1927. At the time of the hearing the defendant made a counter-motion for permission to amend and supported his counter-motion with the affidavit of his secretary. In her affidavit the secretary alleged that after the attorney signed the verification she gave the document to the attorney's clerk with instructions for him to take it to a notary public who was familiar with the signature of the attorney for the purpose of having the notary public affix his notarial seal thereto; and that the clerk did not follow her directions, but, instead of doing so, he served a copy of the incomplete document on the plaintiff's attorney and filed the original. The trial court granted the defendant's application to amend and denied

the order to strike. The plaintiff appealed from both orders.

■ Considered as a motion under the provisions of section 473 of the Code of Civil Procedure, the moving papers of the defendant did not show mistake, inadvertence, surprise or excusable neglect. They showed that the defendant had intended to serve and file a document which on its face would have appeared to be a verified claim, but which in truth and in fact had never been verified because the affiant had never appeared before any officer to take the oath to the verification.

■ The papers were insufficient to justify an application to the trial court to exercise its inherent powers to make the record speak the truth. This is so because the record as made spoke all of the truth, but the real application of the defendant was a request to add something, not to amend. (15 C. J. 976, sec. 395.)

■ Within the thirty days immediately following the filing of the *remittitur* the defendant did not file, either with or without the permission of the court, any other document purporting to be a memorandum of cost. From what has been said it follows that the trial court erred in allowing the purported amendment and it erred in denying the motion to strike the unverified memorandum of costs.

The orders appealed from are reversed.

Koford, P. J., and Nourse, J., concurred.