(February 13, 1904.)

## COWDEN v. MILLS, SHERIFF.

[75 Pac. 766.]

UNRECORDED MORTGAGE—ACTUAL NOTICE TO PURCHASER—VALUE OF PROPERTY SEIZED.

1. Where a chattel mortgage has not been filed for record with the recorder of the county where such property is located and kept as required by section 3386, Revised Statutes, as amended (Sess. Laws 1899, p. 121), a subsequent purchaser of such property is not bound by the mortgage unless he be shown to have had actual notice of the same.

2. *Held, further,* that where there is a direct and substantial conflict in the evidence as to whether the purchaser had actual notice of the mortgage, and the trial court finds that he had no such notice, the appellate court will not disturb such findings.

3. In an action to recover the possession of personal property wrongfully seized, or the value thereof, in case a return cannot be had, the plaintiff cannot be limited in his right of recovery to the price for which defendant may have sold the same.

(Syllabus by the court.)

APPEAL from District Court in and for Canyon County. Honorable George H. Stewart, Judge.

Action by plaintiff to recover possession of a band of sheep, or in case a return thereof cannot be had, for the value thereof. From a judgment in favor of plaintiff and an order denying a motion for a new trial defendant appeals. Affirmed.

This is a companion case of *Cowden v. Finney,* the facts being substantially the same.

Hawley, Puckett & Hawley and James H. Van Dusen, for Appellant, cite the same authorities cited in the Cowden-Finney case.

W. E. Borah and Frank J. Smith, for Respondent, cite the same authorities substantially as in the case of *Cowden v. Finney.*

AILSHIE, J.—This is an action brought by the respondent against J. C. Mills, Jr., as sheriff of Boise county to recover the sum of $26,866.50 alleged to be the value of a certain band of sheep seized by him on the first day of August, 1902. By stipulation of the respective parties the case was transferred from Boise county to Canyon county, and was there tried before the court without a jury. The answer made by the sheriff admitted the taking and pleaded a justification thereof under notice and sale for the foreclosure of a certain chattel mortgage executed on the thirtieth day of November, 1901, by one R. L. Shaw in favor of the Plato Commission Company, a corporation, mortgagee. The mortgage under which the sheriff seized this property is the same instrument referred to in the case of *Cowden v. Finney, ante,* p. 619, 75 Pac. 765, decided by this court at the present term. The facts and circumstances connected with making and executing this mortgage are the same as set out in that opinion, and the ownership, situation and location of the property is there sufficiently set forth, and we do not deem it necessary to repeat it here. The same evidence was given in this case as in the Cowden-Finney case with reference to any actual notice which the plaintiff Cowden had as to the execution or existence of the mortgage. At the time the mortgage was made the property was located in Canyon county, but the mortgage was never filed for record there. At the time of the seizure of the band of sheep in controversy in this action they were located and kept in Boise county, and had been grazing in that county for considerable time prior thereto. The mortgage was never recorded in Boise county until July 31, 1902, which was one day prior to the seizure of the property by the sheriff in the foreclosure proceedings.

The facts above set forth read in connection with those detailed in the Cowden-Finney case constitute a sufficient statement for the determination of this case. It should be borne in mind that the plaintiff claims to have purchased the sheep on or about June 10, 1902, which was long prior to the filing of the mortgage for record. Since plaintiff had no record notice of the existence of this mortgage and there was a direct and substantial conflict in the evidence as to whether or not

he had actual notice of the mortgage, and the trial court having found in favor of the plaintiff's contention, we have concluded that the case must be disposed of upon that point. The defendant sheriff could not have succeeded on any theory of the case as made by the pleadings unless he could establish the fact that the plaintiff had either actual or constructive notice of the existence of this mortgage prior to the purchase of the property. The trial-judge found that he had failed to establish that fact, and it was therefore impossible for him to succeed upon the trial.

We think the court improperly admitted some of the evidence offered by the plaintiff, but since none of it tended to either prove or disprove notice to the plaintiff of the existence of this mortgage, it did not affect the defendant's right of recovery, and it was therefore not prejudicial to him in this action, and what we have said in the Cowden-Finney case with reference to such evidence is applicable here.

The same question arises in this case as to the admission of evidence touching the value of the property at the time and place of its seizure. This evidence was of the same kind and character and admitted on the same theory as was similar evidence in the Cowden-Finney case, and what we have there said with reference to this question applies here with equal force.

For the reasons here stated and upon the authority of *Cowden v. Finney, supra,* the judgment and order appealed from are affirmed, with costs to respondent.

Sullivan, C. J., and Stockslager, J., concur.