.(May 28, 1926.)

GEORGE MARKHAM, Respondent, v. HUNTER DAVY, Appellant.

[247 Pac. 12.]

APPEAL AND ERROR—JUDGMENT ON CONFLICTING EVIDENCE.
    Findings and judgment of trial court, made on conflicting evidence, will not be disturbed.

APPEAL from the District Court of the Third Judicial District, for Elmore County. Hon. M. I. Church, Judge.

Publisher's Note.
    See 2 R. C. L. 204.
    See Appeal and Error, 4 C. J., sec. 2855, p. 885, n. 39.
        42 Idaho—35

Claim and delivery. Judgment for plaintiff. *Affirmed.*

J. G. Watts and V. L. Taylor, for Respondent.

J. B. Eldridge and Ivan L. Hiler, for Appellant.

Counsel cite no authorities on point decided.

BAUM, Commissioner.—This action was commenced by respondent in claim and delivery to recover from the possession of appellant certain personal property, consisting of five horses, one mule, three sets of work harness, and one 3½ inch Bain wagon.

The property in question formerly belonged to Whitson Brothers, a copartnership composed of J. D. and J. B. Whitson and Fred Korner. The copartnership was indebted to each of the parties herein by reason of having heretofore employed them.

Appellant was permitted to take the property to King Hill to work for the government, with permission to take the proceeds derived from the use of said personal property and apply on his indebtedness, the copartnership furnishing the feed for the livestock while being worked by appellant. Thereafter the two Whitson Brothers sold the property in question to respondent for $450, which was in settlement of the indebtedness due respondent.

The copartnership became involved in financial difficulties and to avoid attachment proceedings by some of the creditors, a bill of sale by Korner was made in favor of appellant, at a time prior to appellant taking the property to King Hill, but it appears, was not delivered, although appellant claims that he purchased the property in question for $1,000, but makes no explanation as to the furnishing of the feed by the copartnership subsequent to the time that he took the property to King Hill to work for the government.

A reading of the record discloses that there was a direct conflict in the evidence as to the transaction between Korner

and appellant, and the trial court had an opportunity to see and hear the witnesses testify and made his findings thereon, and such being the case, I do not feel that the findings and judgment should be disturbed. (*Cowden v. Finney,* 9 Ida. 619, 75 Pac. 765; *Singh v. McKee,* 38 Ida. 656, 225 Pac. 400; *Walling v. McMillan Sheep Company,* 40 Ida. 513, 234 Pac. 152.)

I recommend that the judgment be affirmed.

William A. Lee, C. J., Budge and Givens, JJ., concur.

Wm. E. Lee, J., did not sit at the hearing nor participate in the decision in this case.

PER CURIAM.—The foregoing opinion is hereby adopted as the opinion of the court, and the judgment of the trial court is affirmed, with costs awarded to respondents.