(March 6, 1924.)

## INDAR SINGH, Appellant, v. H. F. McKEE, Sheriff of Washington County, Idaho, Respondent.

[225 Pac. 400.]

CUSTOM—PLEADING—EVIDENCE—CONFLICT.

    1. The general rule is that a party relying upon a custom in a particular trade or locality must plead such custom before he may be permitted to prove it.

    2. In case of conflict if there is evidence in the record which, if uncontradicted, would support the judgment, the judgment will be affirmed.

APPEAL from the District Court of the Seventh Judicial District for Washington County. Hon. B. S. Varian, Judge.

Action in replevin. Judgment for defendant. *Affirmed.*

Lot L. Feltham, for Appellant.

The alleged partnership in the leasing and cropping of agricultural lands was a noncommercial and nontrading affair. (30 Cyc. 478–480; 1 Lindley on Partnership, 2d ed., Ewell, pp. 328–332, and notes.)

If not a trading partnership, then for money borrowed in his individual capacity, and not as agent of the firm, the firm is not liable. (30 Cyc. 478, 483, 484.)

Even had there been evidence tending to prove an agency by Fatth Khan, no authority could be implied to mortgage appellant's property for funds to pay copartnership debts. (31 Cyc. 1323, 1324 and notes, 1390–1392, 1395, 1567, 1568, 1577, 1605.)

Frank D. Ryan, for Respondent.

Where there is a substantial conflict in the evidence a case will not be reversed for lack of evidence to sustain the verdict. (*Meeker v. Trappet,* 24 Ida. 198, 133 Pac. 117; *Denbeigh v. Oregon W. R. & N. Co.,* 23 Ida. 663, 132 Pac. 112; *Quirk v. Sunderlin,* 23 Ida. 368, 130 Pac. 374.)

DUNN, J.—Appellant, a Hindu, brought this action against respondent as sheriff of Washington county to recover posesssion of a wagon and a beet-digging plow which he claimed had been wrongfully taken from his posesssion by the sheriff in the foreclosure of a mortgage given by Fatth Khan, another Hindu, to the Weiser Loan and Trust Company.

The sheriff answered admitting that appellant had owned the wagon and plow, but set up in defense that appellant and Khan had formed a partnership with three other Hindus to carry on certain farming operations in the vicinity of Weiser under the direction and management of Fatth Khan, that in the course of such farming operations it became necessary to borrow $200 for the benefit of the partnership, and that appellant authorized Khan to place the mortgage thereon. This was denied by appellant.

The case was tried before a jury, a verdict returned for respondent and judgment accordingly entered. Motion for a new trial was made and denied. Appeal was taken from the judgment and also from the order denying a new trial.

Appellant complains of the adverse ruling of the court on his demurrer to the special defense set up by the sheriff and on appellant's motion to strike this defense, and also of the admission of certain exhibits in evidence, but an examination of the record shows these objections to be without merit. He also complains of the testimony of one witness, admitted over appellant's objection, as to the custom among Hindu workingmen of appointing one of their number to take charge of their operations. This was error, but without prejudice in view of the direct evidence submitted to the jury. The general rule is that a party relying on a custom in a particular trade or locality must plead such custom before he may be allowed to prove it. (17 C. J., p. 516, sec. 80.) The answer contained no mention of such custom.

The entire case turns on the question whether or not appellant authorized the mortgaging of the property in question. Fatth Khan testified that appellant was a member of

38 Idaho.—42

the partnership and he was corroborated by other witnesses. Appellant denied it and his testimony had some corroboration. The question of partnership is unimportant except that, if it existed, it would show interest of appellant in common with Khan in borrowing the money and so would lend probability to the claim that he authorized the mortgage. Khan also testified positively that appellant authorized him to mortgage the property in controversy, and this is sufficient to support the verdict and judgment. Appellant's denial simply makes a conflict, but does not warrant a reversal. (*Fritcher v. Kelly*, 34 Ida. 471, 201 Pac. 1037.)

The judgment and the order denying a new trial are affirmed, with costs to respondents.

McCarthy, C. J., and Wm. E. Lee, J., concur.

Petition for rehearing denied.