(March 3, 1925.)

S. D. WALLING, Respondent, v. McMILLAN SHEEP COMPANY, a Corporation, Appellant.

[234 Pac. 152.]

APPEAL AND ERROR.

Where there is conflict in the evidence, and there is evidence in the record which, if uncontradicted, would support the judgment, this court must affirm it.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles F. Reddoch, Judge.

40 Idaho—33

Action for damages for trespass of sheep. From a judg-ment for plaintiff and order denying new trial, defendant appeals. *Affirmed in part and remanded,* with instructions.

Elliott & Healy and Frawley & Koelsch, for Appellant.

When the evidence clearly shows the verdict to be exces-sive, the judgment should be reversed. (*Taylor v. Hall,* 8 Ida. 757, 71 Pac. 116.)

To authorize plaintiff to recover on his third cause of action, he must allege and show that he will be especially in-jured in a different way from the public generally. (*Stricker v. Hillis,* 15 Ida. 709, 99 Pac. 831.)

P. E. Cavaney, for Respondent.

"Where the evidence is sufficient to go to the jury, even though there be a conflict, the verdict will not be disturbed." (*Hanson v. Seawell,* 35 Ida. 92, 204 Pac. 660; *Smith v. Ben-son,* 32 Ida. 99, 178 Pac. 480; *Fleming v. Benson,* 32 Ida. 103, 178 Pac. 482; *Chandler v. Little,* 30 Ida. 119, 163 Pac. 299; *McAlinden v. St. Maries H. Assn.,* 28 Ida. 657, Ann. Cas. 1918A, 380, 156 Pac. 115; *Baker v. First National Bank,* 25 Ida. 651, 139 Pac. 565; *Montgomery v. Gray,* 26 Ida. 583, 144 Pac. 646; *MacMahan v. Cooper,* 23 Ida. 413, 130 Pac. 456.)

"The presumption is that the court in fixing the amount of the damages awarded respondent only awarded such dam-ages as he was entitled to recover by reason of the trespass of appellant's sheep and that the damages were properly segregated." (*Foster v. Anschustigui,* 37 Ida. 136, 215 Pac. 463.)

BAUM, District Judge.—This is an action for damages for trespass of sheep. The complaint contains three causes of action, the first cause being for the violation of C. S., secs. 1908 and 1909, the second cause of action for trespassing on lands owned by respondent and the destruction of a ditch thereon, and the third cause of action for trespass by the sheep belonging to appellant on a road which had been con-

structed by respondent as a means of ingress to and egress from his premises. A trial was had before the court sitting with a jury, and a verdict returned for respondent, on the first cause of action for $300, on the second cause of action for $500, and on the third cause of action for $100, upon which verdict judgment was thereafter entered. The defendant moved for a new trial, and from an order overruling such motion this appeal was prosecuted.

Appellant makes five assignments of error, as follows:

1. Error in overruling motion for new trial.

2. Excessive damages appearing to have been given under the influence of passion and prejudice.

3. Insufficiency of the evidence to justify the verdict.

4. Errors of law appearing at the trial; and

5. The verdict is contrary to law.

Assignments of error 2 and 3 may be considered together.

It is well settled that if there is conflict in the evidence and there is evidence in the record which, if uncontradicted, would support the judgment, this court must affirm it. (*Singh v. McKee*, 38 Ida. 656, 225 Pac. 400; *Fritcher v. Kelley*, 34 Ida. 471, 201 Pac. 1037.) An examination of the record discloses that such is the case here as to the judgment entered on the verdict rendered on causes of action Nos. 2 and 3, and that such verdict rendered on causes of action Nos. 2 and 3 is supported as to the amounts by the evidence; but such is not the case as to the verdict rendered on the first cause of action.

The most favorable view that can be taken of the evidence introduced to support the first cause of action shows that respondent was the owner of thirty head of livestock, consisting of horses and cattle, and that the pasturage was worth $2 per head for the remainder of the season, totaling $60. It is therefore apparent that the verdict as to this cause of action was unsupported as to the amount by the evidence, and that the jury in rendering the verdict was not controlled by the testimony given and the legitimate inferences to be drawn therefrom.

By the provisions of C. S., sec. 1909, the owner of sheep violating the provisions of C. S., sec. 1908, is liable to the party injured for all damages sustained. No special damages were plead, hence no recovery can be had for such. (*Kirk v. Madareita,* 32 Ida. 403, 184 Pac. 225.) The correct rule as to the measure of damages in the instant case is ably stated by Justice Morgan, in *Chandler v. Little,* 30 Ida. 119, 163 Pac. 299.

The record has been examined as to the other assignments of error relied upon and we do not find them to be well taken.

That part of the judgment entered on the verdict rendered in the first cause of action must be corrected, either by consent of respondent or a new trial must be granted. The amount of the verdict should be reduced to $60. An order may be entered setting aside the judgment entered on the verdict in the first cause of action and granting a new trial, unless respondent shall, within ten days after notice of the *remittitur* herein, file with the clerk of the lower court a waiver of any amount in excess of $60. And it is further ordered that the judgment be affirmed as to the second and third causes of action.

William A. Lee, C. J., Wm. E. Lee, Budge and Givens, JJ., concur.