(July 31, 1925.)

MARYSVILLE DEVELOPMENT COMPANY, a Corporation, Appellant, v. E. L. HARGIS, Respondent.

[239 Pac. 522.]

CONTRACT—PAYMENT—PLEADING—FINDINGS—APPEAL AND ERROR.

1.  Where an agreement to discharge a debt for a smaller sum than is due is fully executed and such discharge is evidenced by a written receipt for the lesser sum in discharge of the greater, there is a valid and irrevocable discharge of the debt.

2.  In an action to recover money due, the defendant, under an answer containing a general denial, may prove payment.

3.  Findings of fact are to be liberally construed in support of the judgment.

4.  A judgment will not be reversed for want of a finding, unless it appears from the record that there was evidence before the court from which it was required to make a finding which would countervail its other findings.

5.  Where there is a conflict in the evidence, and there is evidence in the record which, if uncontradicted, would support the judgment, this court must affirm it.

---

Publisher's Note.

1.  Partial payment as accord and satisfaction, see note in 100 Am. St. 430.

Receipt in full on part payment as satisfaction of liquidated and undisputed debt, see notes in 5 Ann. Cas. 525; Ann. Cas. 1917A, 130.

2.  Evidence of payment as admissible under general issue or general denial, see note in 61 Am. Dec. 59.

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. George W. Edgington, Judge.

Action for balance due on contract. Judgment for defendant. *Affirmed.*

A. H. Wilkie, for Appellant.

There must be a finding of fact on every material issue, whether raised by the complaint or by an affirmative defense in the answer. (*Carson v. Thews,* 2 Ida. 162, 9 Pac. 605; *Standley v. Flint,* 10 Ida. 629, 79 Pac. 815; *Jensen v. Bumgarner,* 25 Ida. 355, 137 Pac. 529.)

Failure to find upon all material issues is ground for reversal. (*First Nat. Bank v. Williams,* 2 Ida. 618 (670), 23 Pac. 552; *Wood v. Broderson,* 12 Ida. 190, 85 Pac. 490.)

Findings No. 8 and 9 are mere conclusions and not sufficient as findings of fact to support a judgment. (*Stoneburner v. Stoneburner,* 11 Ida. 603, 83 Pac. 938; *Cargnani v. Cargnani,* 16 Cal. App. 96, 116 Pac. 306.)

A verbal agreement to reduce the contract price, or to accept less than the amount actually due, in consideration of payments being made that are at the time past due, is void for want of consideration. (Elliott on Contracts, sec. 217; 13 C. J. 351.)

Thos. B. Hargis and C. Redmon Moon, for Respondent.

No finding is necessary where the allegations are not denied. (1 Sutherland, Pleading and Practice, sec. 1169, and cases cited; *Faulkner v. Rodoni,* 104 Cal. 140, 37 Pac. 883.)

If a court makes a finding upon an issue, the determination of which controls the judgment and a finding upon any other issue would not justify a contrary judgment, then the failure to find upon the issue for which the appellant contends, is not reversible error. (1 Sutherland, Pleading and Practice, sec. 1172; *Tage v. Alberts,* 2 Ida. 249 (271), 13 Pac. 19; 2 R. C. L., sec. 200, p. 242.)

In findings of fact by a court where the case is tried before the court without a jury, only findings as to ultimate facts are to be set out. (*Hamilton v. Spokane & P. R. R. Co.*, 3 Ida. 164, 28 Pac. 408; *Peco v. Cuyas*, 47 Cal. 174; C. S., sec. 6867.)

Where an action is for money claimed, whether anything is due or not is the ultimate fact and it is not necessary for the court in his findings to set out the various items of debit and credit. (1 Sutherland, Pleading and Practice, p. 737, sec. 1161; *Jacobs v. Ludemann*, 137 Cal. 176, 69 Pac. 965; *Broadbent v. Brumback*, 2 Ida. 336 (366), 16 Pac. 555.)

"An order granting or denying a continuance will not be disturbed on appeal in the absence of a showing of abuse of discretion." (*Rankin v. Caldwell*, 15 Ida. 625, 99 Pac. 108; *Berlin Machine Works v. Lumber Co.*, 32 Ida. 566, 186 Pac. 513; *Walsh v. Winston Bros. Co.*, 18 Ida. 768, 111 Pac. 1090.)

GIVENS, J.—Appellant through mesne conveyances became the owner of what was commenced as a Carey Irrigation system and brought suit to foreclose because of nonpayment a water right contract issued by the original company to respondent's assignor. Respondent denied that anything was due and unpaid on the contract and claimed overpayment of $58.54, which appellant admitted to the extent of $20.73 as an offset against the amount claimed to be due. From judgment for respondent entered by the court after trial without a jury the appeal was taken.

The records of one of the intermediary companies introduced as exhibits by appellant showed that on the 15th of December, 1911, three instalments, aggregating $1,490.40, were due and unpaid and the following notation appears after these three items:

$$
\begin{array}{l}
\text{572.00} \\
\text{"Paid 4/4/12} \quad \text{320.00} \quad \text{for these three pay'ts."} \\
\text{320.00} \\
\overline{\phantom{xxx}} \\
\text{1212.00}
\end{array}
$$

On another similar exhibit was the following entry: "April 4, 1912. Rec'd $1212 in full to date," being ·opposite the third of the three items mentioned, and on another exhibit appears at the same place: "4/4/14 Pd. $1212.00 Accepted by Co. to date."

Respondent Hargis testified that at the time this payment was made it was understood that it was to be in full payment of the $1,490.40 then due and further testified without objection that at the time this payment was so made a receipt was given to him from the then general manager of appellant's predecessor in interest, for payment in full up ˆto that time but that the receipt had since been mislaid.

Appellant contends that a verbal agreement to reduce the contract price, or to accept less than the amount actually due, in consideration of payments being made that were at the time past due, is void for want of consideration.   Such no doubt may be the general rule and though there is some conflict in the authorities there is a well-recognized exception to the effect that where an agreement to discharge a debt by the payment of smaller sum than is due is fully executed, and such discharge is evidenced by a written receipt for the lesser sum in full satisfaction of the greater, there is a valid and irrevocable discharge of the debt (*Dreyfus & Co. v. Roberts,* 75 Ark. 354, 112 Am. St. 67, 5 Ann. Cas. 521, 87 S. W. 641, 69 L. R. A. 823; *Frye v. Hubbell,* 74 N. H. 358, 68 Atl. 325, 17 L. R. A., N. S., 1197; *Diehl v. McKinnon,* 173 Iowa, 32, 155 N. W. 259; *North State Fire Ins. Co. v. Dillard,* 88 Ark. 473, 115 S. W. 154; 1 C. J. 543; Elliott on Contracts, par. 222), for the reason that after a contract has been fully executed on both sides the question of consideration becomes immaterial (*Brackett v. Lofgren,* 140 Minn. 52, 167 N. W. 274, L. R. A. 1918F, 998), and while it is disputed that this payment was made or received with such understanding, the evidence being conflicting and there being sufficient evidence if uncontradicted to sustain the trial judge, the situation presented an issue of fact upon which his conclusion is final.   (*Singh v. McKee,* 38 Ida. 656, 225 Pac. 400; *Walling v. McMillan Sheep Co.,*

40 Ida. 513, 234 Pac. 152; *Powelson v. Kinney,* 40 Ida. 565, 234 Pac. 935.)

Appellant further urges that under the terms of a trust agreement given by the construction company to the American Trust and Savings Bank of the city of Chicago, the construction company in making collections of payments on the settlers' water contracts had no right to allow this discount. While the agreement only authorized the company to collect and remit to the trustee, there is evidence in the record showing that most of the water contracts were subject to rebate, and were rebated by the company, and there is evidence that the trustee knew and acquiesced in the course of conduct of the construction company as its collecting agent including the granting of the discount in question. While the evidence is none too clear upon this point there is sufficient evidence to justify the finding of the court as to this feature.

Appellant also complains because this matter was not pleaded in the answer. The complaint alleged that certain payments had been made and that there was a certain balance due; the defendant admitted that the payments as claimed by appellant had been made, but denied that there was anything due. The action was for the breach of contract upon the failure to pay and the burden was on appellant to sustain this action as laid. Certain exhibits introduced by appellant for the purpose of showing payments made by respondent contained entries indicating that respondent had in fact paid more than appellant claimed; these exhibits and the entries on them therefore became as available to respondent as though a special plea to the effect shown by them had been interposed by him. (*Penwell v. Flickinger,* 46 Mont. 526, 129 Pac. 323.) In an action to recover money due, the defendant under an answer containing a general denial may prove payment. (*Wetmore v. San Francisco,* 44 Cal. 294; *Mickle v. Heinlen,* 92 Cal. 596, 28 Pac. 784; *Cunningham v. Springer,* 13 N. M. 259, 82 Pac. 232; *Mendocino County v. Johnson,* 125 Cal. 337, 58 Pac. 5; *Brooks v. Ardizzone,* 9 Cal. App. 215, 98 Pac. 393; Sutherland on Pl. & Prac., sec. 529.)

The chief issue was as to payment. There was an express finding that all sums due under said contract had been wholly paid and discharged, but appellant urges that the court should have found when water was first delivered. It does not appear, in the first place, that there was sufficient evidence upon which to make such finding, and, in the second place, in view of all the evidence, it does not appear that any finding thereon would have required the changing of any finding that was made. While the findings were meagre and should have been more explicit and detailed, "findings of fact are to be liberally construed in support of the judgment" (*Fehr v. Haworth*, 33 Ida. 96, 190 Pac. 248), hence they were sufficiently responsive to the ultimate issues to satisfy the requirements of the statute.

"A judgment will not be reversed for want of a finding by the lower court, unless it appears from the record that there was evidence before the court from which it was required to make a finding which would countervail its other findings." (*Storey & Fawcett v. Nampa etc. Irr. Dist.*, 32 Ida. 713, 187 Pac. 946.)

Appellant further complains that a continuance was not granted to permit the attendance of a witness or the securing of his deposition. The showing in this connection was in substance that it was impossible for the absent witness to attend, and what showing was made was similar to the showing in *Berlin Machine Works v. Dehlbom Lumber Co.*, 32 Ida. 566, 186 Pac. 513, there held to be insufficient.

We have carefully examined the evidence and while appellant advances many theories and many computations which support his views, there are also computations which fairly support respondent's contentions, and this matter being within the province of the trial court, the judgment is sustained, and it is so ordered. Costs awarded to respondent.

William A. Lee, C. J., and Wm. E. Lee, Budge and Taylor, JJ., concur.

Petition for rehearing denied.