(December 5, 1925.)

## THOMAS NELSON, Respondent, *v.* EPHRIAM JOHNSON, Appellant, and JOSEPH JOHNSON, Defendant.

[243 Pac. 647.]

DAMAGES—APPEAL AND ERROR — SUFFICIENCY OF EVIDENCE — INSTRUCTIONS—EXCESSIVE VERDICT—PHYSICIAN'S TESTIMONY—PRIVILEGED INFORMATION.

　　1.　Where there is substantial evidence to support the verdict the same will not be disturbed.

　　2.　It must ·be made to clearly appear that a verdict was given under the influence of passion or prejudice before it may be set aside as excessive.

　　3.　It is not erroneous to refuse requested instructions where the subject matter thereof is properly covered by those given.

　　4.　A physician may not testify, without the consent of his patient, concerning any matter which would disclose information acquired in attending the patient, which was necessary to enable him to prescribe or act for the patient.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. Ralph W. Adair, Judge.

Action for damages for personal injuries and damage to automobile. Verdict for plaintiff. *Affirmed.*

G. F. Hansbrough and Peterson & Coffin, for Appellant.

Where the verdict is contrary to the evidence, or is manifestly or decidedly against the evidence, or clearly against

Publisher's Note.

　　2.　What constitutes excessive verdict in action for personal injuries not resulting in death, see notes in 16 **Ann. Cas.** 8; Ann. Cas. 1913A, 1361.

　　4.　Competency of physician as witness, see note in 17 **Am. St.** 565.

Necessity to privilege that communication to physician be necessary for treatment, see notes in 15 **Ann. Cas.** 582; Ann. Cas. 1916A, 403. See, also, 28 **R. C. L.** 536.

the weight of the evidence, or is supported by insufficient evidence, a new trial will be granted. (20 Stand. Ency. Proc. 517–520; *Bagley v. Eaton,* 8 Cal. 159; *Payne v. Jacobs,* 1 Cal. 39; *Roach v. Gilmer,* 3 Utah, 389, 4 Pac. 221; *Wendell v. Safford,* 12 N. H. 171; *Leitensdorfer v. King,* 7 Colo. 436, 4 Pac. 37; *State v. Trego,* 25 Ida. 625, 138 Pac. 1124.)

Where the evidence is sufficient only to give rise to a mere conjecture in favor of the plaintiff, or to suggest merely a possibility of the truth being as claimed by him, or the evidence in his favor is contrary to all reasonable probabilities, the matter should not be submitted to a jury, but the court should grant a motion for a nonsuit, or should direct a verdict for the defendant without a motion. (*Chybowski v. Bucyrus Co.,* 127 Wis. 332, 106 N. W. 833, 7 L. R. A., N. S., 357; *Hyer v. City of Janesville,* 101 Wis. 371, 77 N. W. 729; *Sorenson v. Menasha Paper Co.,* 56 Wis. 338, 14 N. W. 446; *Agen v. Metropolitan Ins. Co.,* 105 Wis. 217, 76 Am. St. 905, 80 N. W. 1020; *Spencer v. Chicago, M. & St. P. Ry. Co.,* 105 Wis. 311, 81 N. W. 407; *Stafford v. Chippewa Valley Elec. Co.,* 110 Wis. 331, 85 N. W. 1036.)

Where no personal injury is shown and the only damages proven was a damage to property of $300, a judgment for $1,500 is excessive. (*Maloney v. Winston Bros. Co.,* 18 Ida. 740, 111 Pac. 1080, 47 L. R. A., N. S., 634; *Chitty v. St. Louis & I. M. & S. R. Co.,* 166 Mo. 435, 65 S. W. 959.)

Whitcomb, Cowen & Clark, for Respondent.

Though the preponderance of evidence is in favor of appellant, the court will not disturb the verdict and judgment where there is substantial evidence supporting the contention of respondent. (*Meeker v. Trappett,* 24 Ida. 198, 133 Pac. 117; Flynn's Idaho Digest, p. 53; *Fritcher v. Kelley,* 34 Ida. 471, 201 Pac. 1037; *Mahaffey v. Carlson,* 39 Ida. 162, 228 Pac. 793.)

Instructions should be confined to the issue presented by the pleadings and the evidence. An instruction not meeting

these requirements may properly be refused. (38 Cyc. 1612, notes 13 and 16; 1617, note 34; *Intermountain Farmers' Equity v. Norris*, 39 Ida. 685, 229 Pac. 745.)

If a requested instruction is erroneous, either wholly or in part, it is properly refused. (38 Cyc. 1707, note 98; 14 R. C. L., p. 800, sec. 60, note 8; *State v. Cleaves*, 59 Me. 298, 8 Am. Rep. 422, 425.)

GIVENS, J.—Action by Thomas Nelson, respondent, for personal injuries and damage to his automobile claimed to have been caused by Ephriam Johnson, appellant, and Joseph Johnson, by a collision between the automobiles belonging to the respective parties.

The appeal is from the judgment on a verdict for $1,500 against Ephriam Johnson and an order denying a new trial.

Appellant contends that the evidence is insufficient to show that he or anyone collided with respondent's car or that respondent knew who collided with his car or that he received any injury. The most that can be said in favor of appellant's position in this regard is that there is sufficient evidence in the record to have sustained a verdict in his favor. Where, however, the evidence is conflicting, and there is substantial evidence in the record to support the verdict, it will not be disturbed (*Singh v. McKee*, 38 Ida. 656, 225 Pac. 400; *Walling v. McMillan Sheep Co.*, 40 Ida. 513, 234 Pac. 152); and such is the situation herein.

The trial court granted one retrial and refused a second, and it is not clearly manifest that he abused his discretion in so doing. (*Baillie v. City of Wallace*, 22 Ida. 702, 127 Pac. 908.)

Appellant urges that the verdict of the jury was contrary to and in disregard of the instructions of the court, particularly No. 12A, which was a modification of requested instruction No. 6, with reference to alleged admissions by the respondent immediately after the accident, that he did not know who caused the accident; the instruction in effect was that if the jury found that the admissions had been made, and later changed at the trial without satisfactory

explanation therefor, and also found that there was no evidence independent of this that the appellant struck the car of respondent, then their verdict should be for the appellant. This instruction was very favorable to appellant and placed his theory of the case squarely before the jury, but the jury evidently did not believe appellant's theory, and as the evidence was conflicting as to such statements and there was other evidence tending to show that appellant's car struck respondent's, the verdict was not out of harmony with such instruction.

Appellant says that the damages for $1,500 were excessive and given under passion or prejudice. The car damaged beyond repair was valued at $300; $25 for medical expense was actually expended; loss of respondent's time was shown to be approximately $100, with one doctor bill, amount unknown, still to be paid, leaving a balance of approximately $1,000 for respondent having his chest, back, wrist and leg bruised and his hand and arm permanently injured to the extent that his lifting power therewith was greatly diminished and that he occasionally suffered pain therein. There is no evidence or intimation in the record that the jury was actuated by any bias or prejudice in awarding this sum or that the instructions given were not in keeping with the evidence adduced. In such a case the presumption arises that the jury took into consideration all the elements of damage set out in the instructions and that the damages given were not excessive or given by reason of any passion or prejudice, and we see no occasion to disturb the verdict. (*Cox v. Northwestern Stage Co.,* 1 Ida. 376; *Maw v. Coast Lumber Co.,* 19 Ida. 394, 114 Pac. 9; *Maloney v. Winston Bros.,* 18 Ida. 740, 111 Pac. 1080, 47 L. R. A., N. S., 634; *Ellis v. Ashton & St. Anthony Power Co., ante,* p. 106, 238 Pac. 517.)

Requested instruction No. 1 was fully covered by instruction No. 12A.

Requested instruction No. 2 was covered by instructions 1, 8 and 12 as far as applicable to the issues involved.

It was not alleged that the car of appellant wilfully, wrongfully and intentionally *struck* respondent's car as stated in requested instruction No. 2, but that appellant wilfully, etc., drove across the road so as to, and did strike respondent's car.

Requested instruction No. 3 was properly refused as it was not confined to the issues and misstated the pleading as follows:

"The jury is instructed that the plaintiff charges in his complaint that the defendants wantonly, and wilfully struck and collided with the plaintiff's car . . . . "

The allegation in the complaint being:

"Defendant intentionally, wantonly and negligently turned said automobile to the right across the said graded road in a negligent and unlawful manner as to, and did strike the left front wheel and fender of the automobile the plaintiff was driving. . . . . "

The appellant might have wantonly and wilfully driven across the road in a negligent manner without wilfully or in any way intending to strike the car of respondent. There was no pleading or proof with regard to the above-quoted portion of appellant's requested instruction. (*Intermountain Farmers' Equity v. Norris,* 39 Ida. 685, 229 Pac. 745.) Furthermore the court instructed the jury in instruction No. 8, that is was incumbent upon plaintiff to prove by a preponderance of the evidence the material allegations of his complaint, and the part thereof under consideration was given *verbatim* in instruction No. 1.

Requested instruction No. 4 was covered by instructions Nos. 1 and 8, as far as properly stating the law applicable herein, and the portion of this instruction stating that plaintiff must prove to the entire satisfaction of the jury all the material allegations of his complaint was incorrect; thus the entire instruction was properly refused. (*Rudolph v. Wanamaker, ante,* p. 98, 238 Pac. 296.) In a civil action, it is not proper for the court to instruct the jury that a party need prove his case by any more than a preponderance of the evidence. (*Hess v. Hess, ante,* p. 359, 239 Pac.

956.) Instruction No. 5 was properly refused for the same reason.

Where instructions given fully cover matter embraced in requested instructions it is not error to refuse such requested instructions. (*Rudolph v. Wanamaker, supra.*)

Appellant contends the court erred in refusing to permit appellant over respondent's objection to cross-examine Dr. Mitchell, a physician who attended respondent, as to the condition of respondent, and in refusing to allow the physician to testify as to the permanency of respondent's injuries, objection being interposed and sustained, on the ground that such statements would be based on privileged information.

A hypothetical question was without objection asked by respondent's counsel, setting forth certain injuries, which was likewise without objection answered by the physician, but there were no questions or answers on direct examination regarding the respondent, his condition, or the kind of injuries sustained by him. A careful examination of the record does not disclose that the hypothetical question went beyond the limits of the testimony adduced in the case in any material particular. Later the physician was called for direct examination by the appellant and detailed without objection by respondent the examination he made of respondent and the extent of respondent's injuries. The refusal to allow cross-examination of the physician as to respondent's condition and the refusal to allow the physician on direct examination by appellant, to testify as to the permanency of the injuries was proper since, such testimony was privileged, arising out of a confidential relation and which could not be given without the consent of the patient and the right had not been waived since no questions were asked regarding respondent's injuries and timely objection was made. (*Jones v. Caldwell,* 20 Ida. 5, 116 Pac. 110, 48 L. R. A., N. S., 119, 23 Ida. 467, 130 Pac. 995; C. S., sec. 7937; *Madsen v. Utah Light & Ry. Co.,* 36 Utah, 528, 105 Pac. 799; *In re Van Alstine's Estate,* 26 Utah, 193, 72 Pac. 942; *Munz v. Salt Lake City R. Co.,* 25 Utah, 220, 70 Pac. 852; *Phelps Dodge Corporation v. Guerrero,* 273

Fed. 415.) In any event the physician stated he made no examination to determine the permanency of respondent's injuries and therefore it does not appear that appellant was deprived of the benefit of any opinion the physician had in this respect.

The judgment should be affirmed, and it is so ordered. Costs awarded to respondent.

Wm. E. Lee, Budge, and Taylor, JJ., concur.