(No. 4699.    August 1, 1927.)

## J. ELMER MINTUN and LUCY E. MINTUN, Respondents, v. D. B. MOORMAN, Appellant.

[259 Pac. 1.]

DAMAGES—HIGHWAYS—RECOVERY FOR INJURIES—EVIDENCE HELD SUF-
FICIENT—APPEAL AND ERROR—AWARD ON CONFLICTING TESTIMONY
—DAMAGES NOT EXCESSIVE.

1. In action for damages for injuries resulting from automobile
collision on public highway, evidence *held* sufficient to support
judgment for plaintiff.

2. Award for personal injuries by jury on conflicting testi-
mony will not be disturbed, in absence of showing or intimation
that jury was actuated by bias or prejudice in assessing damages.

3. $1,117.31 for permanent injury to wrist, resulting from
cutting and bruising forearm and dislocating wrist-bones, *held*
not excessive.

APPEAL from the District Court of the Eleventh Judicial
District, for Twin Falls County.   Hon. William A. Babcock,
Judge.

Action for damages.   Judgment for plaintiffs.   *Affirmed.*

James R. Bothwell and W. Orr Chapman, for Appellant.

Where there is no substantial evidence to support the
verdict of the jury, the same will be set aside.   (*Quayle v.
Ream,* 15 Ida. 666, 99 Pac. 707; *Rippetoe v. Feely,* 20 Ida.
619, 119 Pac. 465; *Goldstone v. Rustemeyer,* 21 Ida. 703,
123 Pac. 635; *Spencer v. John,* 33 Ida. 717, 197 Pac. 827;
*Harker v. Seawell,* 35 Ida. 457, 206 Pac. 812; *Clarke v.
Blackfoot Water Works,* 39 Ida. 304, 228 Pac. 326; *Williams
v. Skelton,* 40 Ida. 741, 237 Pac. 412.)

Publisher's Note.
    See Appeal and Error, 4 C. J., sec. 2847, p. 871, n. 10, p. 872, n. 19,
p. 873, n. 23.
    Damages, 17 C. J., sec. 432, p. 1103, n. 46.
    Motor Vehicles, 28 Cyc., p. 47, n. 20.

Where the oral testimony of witnesses, based merely upon opinions or estimates, conflicts with physical facts, such evidence is not regarded as sufficient to create a substantial conflict in the evidence. (*Austin v. Newton,* 46 Cal. App. 493, 189 Pac. 471; *Albrethsen v. Wood River Land Co.,* 40 Ida. 49, at 56, 231 Pac. 418.)

The damages awarded by the jury are excessive and not supported by the evidence. (*Nelson v. Johnson,* 41 Ida. 697, 243 Pac. 647.)

Turner K. Hackman, for Respondents.

This court has repeatedly held that the verdict of the jury will not be set aside while there is substantial evidence to support such verdict. (*Roseborough v. Whittington,* 15 Ida. 100, 96 Pac. 437; *Valley Lumber Co. v. McGilvery,* 16 Ida. 338, 101 Pac. 94; *Duthie v. Shepherd,* 32 Ida. 633, 186 Pac. 919; *Allen-Wright Furniture Co. v. Hines,* 34 Ida. 90, 200 Pac. 889.)

"There is no evidence or intimation in the record that the jury was actuated by any bias or prejudice in awarding this sum, or that the instructions given were not in keeping with the evidence adduced." (*Nelson v. Johnson,* 41 Ida. 703, 243 Pac. 649.)

"The amount of damages awarded by the jury to the plaintiff was not so large or so disproportionate as to be palpably the result of prejudice and passion. . . . . Courts have repeatedly refrained from attempting to establish any precise rule for the measurement of damages in actions of personal injuries, but, rather from necessity, leave the measurement to the sound sense and fair judgment of the jury." (*Morgan v. Southern Pacific Co.,* 95 Cal. 501, 30 Pac. 601; *Aldrich v. Palmer,* 24 Cal. 513; *Darling v. Pacific Elec. Ry. Co.,* 197 Cal. 702, 242 Pac. 703.)

McNAUGHTON, Commissioner.—This is an action for damages. In their first cause of action plaintiffs sue to recover $5,250 for hospital bill and personal injury to Lucy Mintun, and in their second cause of action claim $157.69

for damages to their automobile. It is alleged that on November 30, 1922, the plaintiff, J. Elmer Mintun, was driving on the highway in a southerly direction near the village of Hanson; that he was driving with due care on the right-hand side of the center of the road, i. e., to the west of the center line; that the defendant at the same time and place was driving his automobile northerly at an improper speed and without proper guidance, and that by reason of such negligence on the part of defendant, the defendant's automobile struck the automobile of plaintiff causing said injury and damage. The answer denies the allegations of negligence and improper driving on defendant's part, and denies the allegations of damage. The verdict of the jury was for plaintiff and the damages assessed were $1,117.31 on the first cause of action, and $82.69 on the second cause of action. Judgment on the verdict was entered for the sum of these awards.

The case is here on appeal upon two assignments of error: (1) That the evidence is insufficient to support the verdict and judgment in that the oral testimony of the witnesses upon which the verdict is based is contrary to undisputed physical facts; (2) that the amount of damages is excessive and not supported by evidence.

It is testified by Mr. Mintun, in which he is corroborated by his wife and son, twelve years of age, that from an elevation in the road he observed defendant's approaching car at a distance of about three-eighths of a mile; that the approaching car "zigzagged" from one side of the road to the other; that it was running at a high rate of speed, and that he, Mintun, drove to the extreme westerly edge of the pavement, or hard surface part of the road, and stopped with his two left wheels over near the west edge of the pavement; that the approaching car swerved against his car; that the front wheel of defendant's car hit the front wheel of plaintiff's car and drove the forepart of the car back under the engine; that after the impact the front wheel of plaintiff's car remained about at the point of collision, but the back was thrown toward the ditch; that the

left front wheel of defendant's car was demolished and that defendant's car passed and went into the ditch back of plaintiff's car. He testified that Mrs. Mintun was thrown forward and her left forearm broke through the windshield injuring her wrist.

Mr. Moorman, corroborated by his wife, testified that he observed plaintiff's car approaching from the north shortly before the collision; that just before the collision plaintiff's car turned toward the center of the road and that the collision occurred at the east of the center line of the hard surface part of the road; that he, defendant, was not driving at a speed of more than twenty miles per hour, but that the turn of plaintiff's car toward him was so sudden that he could not get out of the way; that his left front wheel was demolished and the hub or spindle bolt dropped to the pavement and turned his car to the left at an angle of about forty-five degrees, and it moved in that direction until it reached the ditch back of plaintiff's car.

Plaintiff offered a plat in evidence disclosing conditions immediately after the collision. By this plat the Mintun automobile, which was a Ford touring car, is shown at the extreme westerly edge of the pavement with the left front wheel just on the pavement and the rear entirely off the pavement. The Moorman automobile, a Velie touring car, is shown also at the extreme westerly side of the road and north or back of the Mintun car. It also shows a heavy mark or scratch beginning at a point about three feet west of the center of the road and four or five feet due east of the left front wheel of the Mintun car as it stood after the collision, thence going northwesterly to the hub of defendant's left front wheel west of the pavement. The line is curved, veering to the right and toward the center of the road in its beginning. There is also testimony of an accumulation of dirt or dried mud in about the center of the road but mostly on the west side of the center line.

[1] It is claimed by appellant that plaintiff's oral testimony is so in conflict with these undisputed physical facts that it must be disregarded as unreasonable. True, the

distance between the point where the mark began upon the pavement and the point where the plaintiff's car was after the accident indicates that plaintiff's left front wheel was moved more by the impact than his oral testimony would imply and the jury may have so concluded, but the physical facts do not demonstrate that the collision occurred at the east of the center line of the road. They only tend to impeach the accuracy in detail of plaintiff's testimony. A finding that the collision occurred at the west of the center line of the road, and that the collision was due to defendant's negligence, is not inconsistent with these physical facts. After the accident, the cars and this mark were found well to the west of the center line of the road, and, we think, indicate the collision was there, not some place else. Therefore, the first assignment is not well taken.

There is no complaint of the amount of the award of the jury on the second cause of action other than it is claimed negligence is not shown.

It is testified that respondent, Lucy E. Mintun, was thrown against the windshield and her left forearm went through it, cutting and bruising her forearm and dislocating her wrist-bones; that at first it was thought to be only a sprain and for two months was treated as such; that the arm turned black and blue and was very painful; that she went to Doctor Morgan two months later, and, after examining the wrist and making X-ray plates, he found it to be a dislocation; that he set the bones and put the wrist in a cast; that he treated it for six weeks or two months. He gave it as his opinion that the injury would be permanent to the extent of inability to use her wrist in all its movements and that it never would be as strong as it otherwise would have been. He testified that a charge of $250 for the hospital and medical services rendered was a reasonable charge.

[2] There was some conflict in the expert testimony and there is testimony that there was no claim or appearance of personal injury at the time of the collision. This, however, was a matter for the jury and in the absence of any show-

ing or intimation in the record that the jury was actuated by bias or prejudice in assessing the damages, their award will not be disturbed. (*Nelson v. Johnson,* 41 Ida. 697, 243 Pac. 647.)

[3]  We do not think the amount assessed for the injury testified to by plaintiff so excessive as to warrant this court disturbing it as showing bias or prejudice, and we therefore recommend that the judgment be affirmed, with costs to respondent.

Varian and Brinck, CC., concur.

The foregoing is approved as the opinion of the court, and the judgment is affirmed, with costs to respondent.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.