(No. 5503. September 22, 1930.)

ROSE FINLAYSON, as Administratrix of the Estate of FRANK F. FINLAYSON, Deceased, Appellant, v. D. ROLLA HARRIS, Respondent.

[291 Pac. 1071.]

698

Crowley & Crowley, for Appellant.

W. A. Ricks, for Respondent.

LEE, J.—Plaintiff and appellant, Rose Finlayson, as administratrix of the estate of Frank F. Finlayson, deceased, sued defendant and respondent, Harris, upon a promissory note to recover an alleged balance of $461.75 due decedent's estate. Respondent answered with a general denial followed with the affirmative defense that on December 21, 1925, he delivered his check for $150 to said Finlayson who accepted the same "in full satisfaction and discharge of the claim or demand set up in the said complaint."

Harris had executed and delivered the note in question to Finlayson on December 22, 1920, in the principal sum of

$700. Finlayson died November 3, 1927. The note found in his effects showed an indorsement of eleven payments, the last one of $150 being the one plead by defendant in settlement. Trial was had by the court without a jury.

Over appellant's objection, respondent was permitted to testify to a contemporaneous, oral agreement between the parties that respondent was to pay the note only in event that he should be able to effect collection of certain notes held by him. This was error. (*Craven v. Bos,* 38 Ida. 722, 726, 225 Pac. 136.)

But, as to the affirmative defense, the court found that in September, 1925, Finlayson and respondent had agreed "that the defendant should in the fall of such year send to Finlayson the sum of $150 out of the proceeds of defendant's crops, and Finlayson agreed to cancel the note upon the receipt of such sum; that pursuant to such agreement defendant on December 21, 1925, sent to Finlayson a check for $150 in full satisfaction of the demand; that defendant wrote on the lower left-hand corner of the check at the time he sent it as aforesaid the following: 'will *cancle* note'; that Finlayson received the check with the notation thereon and he presented it for payment and it was paid and he intended to cancel the obligation but neglected to send defendant the note; after Finlayson received the $150 he made no further demand on the defendant."

There is substantial evidence to support this finding, both the check itself, properly indorsed by Finlayson, and the testimony of respondent himself.

Appellant contends that such testimony was inhibited by C. S., sec. 7976, as amended by chap. 51, 1927 Sess. Laws. That section has no application to one directly defending against a claim in favor of an estate. (*Sedgwick v. Sedgwick,* 52 Cal. 336, 17 Pac. 336; *McPherson v. Weston,* 85 Cal. 90, 24 Pac. 733, 735.)

Objection is made that no agreement of settlement was plead. True, though that may be, settlement as a fact was plead. Settlement operates as a payment; and evi-

dence of payment can be introduced even under a general denial. (*Marysville Development Co. v. Hargis,* 41 Ida. 257, 239 Pac. 522.)

There then remains only the application of the law to the facts. Under the old rule as one time followed by the majority of the courts, an executed agreement to discharge an obligation by the payment of a lesser sum was not binding upon the creditor, there being no consideration. Of late years, recognizing the injustice of so highly technical a rule, the courts have been deserting it wherever logically possible. This court chose.the more excellent way in 1925 in *Marysville Development Co. v. Hargis, supra,* with the following emphatic announcement:

"Where an agreement to discharge a debt by the payment of a smaller sum than is due is fully executed, and such discharge is evidenced by a written receipt for the lesser sum in full satisfaction of the greater there is a valid and irrevocable discharge of the debt."

For, as was laconically observed by the Minnesota court in *Brackett v. Lofgren,* 140 Minn. 52, 167 N. W. 274, L. R. A. 1918F, 998, "After a contract has been fully executed on both sides, the question of consideration becomes immaterial."

When Finlayson accepted and indorsed respondent's check with the notation of settlement thereon, he is presumed to have accepted and indorsed it *in toto,* notation and all. And this presumption coupled with respondent's testimony and the further fact that for over twenty-three months he made no further demand on a claim nearly seven years old surely justified the trial court's finding that decedent intended to cancel the obligation.

Judgment affirmed; costs to respondent.

Givens, C. J., and Budge, Varian and McNaughton, JJ., concur.