233 P.2d 406

### EXCHANGE LUMBER & MFG. CO. v. THOMAS et al.

#### No. 7729.

Supreme Court of Idaho.

June 27, 1951.

J. H. Felton, William J. Jones, Lewiston, for appellants.

Russell S. Randall, Lewiston, Robert M. Brown, Spokane, Wash., for respondent.

TAYLOR, Justice.

The plaintiff (respondent) in its complaint, filed June 28, 1950, alleges that it is a Washington corporation with its principal place of business at Spokane, Washington, and that the defendants are co-partners doing business under the firm name of Selway Cedar. The action is against the partnership and against the partners individually. In its first cause of action the plaintiff seeks judgment on a promissory note, dated April 20, 1950, due on demand, for the sum of $4,255 with interest and reasonable attorneys' fees. The note is executed by the partnership and by the partners individually. The second cause of action is a claim for $641.38 for merchandise sold and delivered to the defendants.

An attachment was issued and levied upon the interest of one of the partners, Lucy Thomas, in certain real estate in Latah County, and upon payments due to her on an escrow contract for the sale of the real estate to one Andrew T. Cox. On August 8, 1950, the defendants filed a petition in which they allege that there was a balance of $57,000 unpaid on the escrow agreement, and that the purchaser had obtained a loan upon the lands involved and other lands and desired to pay up the con-

tract and complete the transaction, but could not do so because of the attachment. The petitioners ask the court for an order directing the escrow holder to hold $7500 of the amount due on the contract as security under the attachment and release the attachment upon the lands and remaining moneys. On August 14th an order was entered reciting that $7000 had been deposited in court by the defendants in lieu of the attachment and discharging the attachment.

In their amended answer the defendants admit the corporate capacity of the plaintiff, their own relationship as partners, and husband and wife relationships as pleaded by the plaintiff, and deny generally the other allegations of the first and second causes of action. As a second defense, defendants allege that in May and June, 1950, they negotiated with their creditors, among whom was the plaintiff, for a reduction in the amount of their various claims in the event the escrow agreement (upon which there was then an unpaid balance of $77,000) could be reduced to cash and immediately paid off, and proposing a reduction in the balance thereon to $65,000 as an inducement to Cox; that the reduction sought would be for the purpose of partially compensating defendants for $12,-000 loss occasioned by the proposed discount of the escrow agreement; that the plaintiff agreed to accept the sum of $4300 in full for its claims; that Lucy Thomas agreed with Cox to reduce the balance on the escrow contract in return for full payment; that plaintiff agreed to await the

payment from Cox for the payment of its claims; and that the note and account claimed by plaintiff "were supplanted by a new and different contract for the payment of $4300 as soon as Andrew T. Cox could obtain the said moneys from a loan upon the escrow lands and his lands."

"As a Third and Separate Defense and Counterclaim", the defendants further alleged that the plaintiff, in violation of the settlement agreement and to prevent its consummation, brought this action, attached the property and the escrow contract; through its agents wrote letters and talked to persons and agencies having to do with the loan in an attempt to prevent the money being raised; caused moneys far in excess of its claims to be withheld for its security; and prevented the completion of negotiations for a considerable time. Defendants further allege that plaintiff's action prevented them from getting needed financing to commence the operation of their sawmill near Lowell, Idaho, and delayed the operation thereof for a period of approximately three months, to their damage for loss of profits in the sum of $15,000; that because of the breach they were caused to defend this action and to pay attorneys' fees and costs to their damage in the sum of $1500; that plaintiff's actions were malicious and damaged defendants' reputation and credit in the sum of $10,000; and that their credit has been damaged so they were unable to hire men for the operation of their sawmill, to their damage in the sum of $5000.

In their prayer the defendants ask judgment for $31,500.

Plaintiff's demurrer to the third defense and counterclaim, for insufficient facts, was sustained, and its motion to strike for insufficient facts and on the ground that it was filed without leave of court was granted. Upon the cause being called for trial the court heard arguments by counsel upon the plaintiff's demurrer and motion to strike the second defense. In the course of this argument, counsel for defendants argued that novation was pleaded in that Mrs. Lucy Thomas had been substituted as plaintiff's debtor in place of the partnership as a result of the settlement agreement. The court sustained the demurrer and granted the motion and the trial proceeded upon the issues raised by the plaintiff's complaint and the defendants' general denial. At the opening of the trial defendants made an offer of proof by which they again proposed the so-called settlement agreement as a defense. This was stricken. The plaintiff offered proof of the note, attorneys' fees, and account and rested.

The defendants then moved for leave to amend their answer to allege the want of the capacity of the plaintiff, on the ground that the plaintiff's evidence showed that the note and account arose out of "doing business in this state", and that plaintiff had not qualified under the statute. The denial of this motion was not error. It appears on the face of the complaint that the plaintiff is a foreign corporation. Failing to raise the issue by demurrer or answer the defendants have waived plaintiff's want of capacity to maintain the action. Marshall Field & Co. v. Houghton, 35 Idaho 653, 208 P. 851; Farmers' & Mechanics' Bank v. Gallaher Investment Co., 43 Idaho 496, 253 P. 383; Shaw Supply Company, Inc., v. Morgan, 48 Idaho 412, 282 P. 492. The action being between the original parties the transactions culminating in the note and account were presumably as well known to the defendants as to the plaintiff. In fact, counsel for the defendants, in his argument on the motion to the district court, gave as a reason for not earlier raising the objection, "Because we depended upon our right to counterclaim for a large amount of damages." Substantially the same statement was made on the oral argument to this court. In other words, the defendants were willing to concede plaintiff's capacity for the purpose of recovering damages against it on their counterclaim. That being denied them, then and only then did they wish to raise the issue.

The defendants made extensive offers of proof intended to sustain the affirmative defense of settlement and novation, and the counterclaim. These offers were rejected by the court, and this is assigned as error. It is obvious that, if the action of the court in sustaining the general demurrers and striking the affirmative defense and counterclaim was correct, then its action in rejecting evidence offered in support of such pleadings was also correct. We shall, therefore, examine the affirma-

tive defense and counterclaim to determine their sufficiency. The affirmative defense alleges an agreement on the part of the part of the plaintiff to accept a smaller sum than is due upon the note and account in full satisfaction of these obligations. Such an agreement (so long as it remains executory) is void for want of consideration. Marysville Development Co. v. Hargis, 41 Idaho 257, 239 P. 522; Finlayson v. Harris, 49 Idaho 697, 291 P. 1071. It is claimed that the settlement agreement constituted a novation by which Lucy Thomas was substituted as plaintiff's debtor, in place of these defendants, and that the note and account were thereby discharged. A novation requires the assent of all of the parties. Independent School District v. Porter, 39 Idaho 340, 228 P. 253; 66 C.J.S., Novation, §§ 3, 18. The original debtor must be fully discharged and the debt, as to him, extinguished. Gibbs v. Christensen, 47 Idaho 658, 277 P. 814; 66 C.J.S., Novation, § 20. These necessary elements are not alleged. Mere knowledge and consent by the creditor that a third party assumed the debt will not release the original debtor. It must appear that the creditor agrees to release the original debtor. North Western Mutual Life Ins. Co. v. Eddleman, 247 Ky. 116, 56 S.W.2d 561, 87 A.L.R. 276, and Anno. page 281; Kinsman v. Stanhope, 50 Mont. 41, 144 P. 1083, L.R.A.1916 C, 443. Moreover, it appears from the affirmative defense that there was no consideration for the alleged novation. Lucy Thomas was one of the original debtors,

personally and severally liable on the note and account. Hence, her promise to pay the debt of the partnership would be no more than a promise to do that which she was already bound to do. Therefore, such promise (while executory) could not constitute a consideration for the discharge of the partnership and the other joint and several debtors. Garthofner v. Edmonds, 74 Cal.App.2d 15, 167 P.2d 789.

We now consider the counterclaim. Since defendants do not contend that the attachment was wrongful, and since the record shows that it was not discharged on the ground that the plaintiff was not entitled thereto, and judgment on the merits having been entered for the plaintiff, defendants could not interpose a counterclaim for wrongful issuance or levy of the attachment within the rule of Willman v. Friedman, 4 Idaho 209, 38 P. 937. Appellants' assignment of error No. 3 is as follows: "The court erred in sustaining the respondent's demurrer and motion to strike the third and separate defense and counterclaim of appellants' amended answer, for the reason that this defense and counterclaim set up that after the appellants fully performed their part of the novation and settlement agreement entered into, that the respondents wilfully and maliciously breached the new contract, and the appellants were seriously damaged thereby."

From this it appears that defendants treat the counterclaim as an action for damages for breach of the novation and

settlement agreement. As we have seen, the allegations are insufficient to establish either a settlement or a novation. If the allegations of malicious conduct on the part of the plaintiff and its agents in pursuing the attachment were intended as a cause of action for abuse of process or malicious prosecution, this would appear not to be a proper subject of counterclaim. Harshbarger v. Rankin, 50 Idaho 24, 293 P. 327; Kassel Poultry Co., Inc., v. Sheldon Produce Co., 129 A. 424, 3 N.J.Misc. 277; 5 Am.Jur., Attachment and Garnishment, §§ 988 and 1020; Anno., Wrongful Seizure—Assertion of Claim, 85 A.L.R. 644.

Appellants also assign the action of the court in refusing to allow them to continue and complete offers of proof to establish the affirmative defense and counterclaim which the court had held demurrable, and had stricken, or to allow them to have exhibits intended to support such pleadings marked as rejected. The pleadings being insufficient, these rulings were not erroneous. In making the offers, defendants' counsel asserted that he did so to make a record for review on appeal. Such offers were unnecessary for that purpose. The rulings of the court in sustaining the demurrers and motions to strike from the amended answer, the affirmative defense and counterclaim, are properly before this court for review, these pleadings not having been superseded by amended pleadings. Obviously, therefore, no offers of proof were necessary to preserve appellants' right to a review of the questions raised by these pleadings. While the sustaining of a general demurrer is sufficient to eliminate a pleading which does not state a cause of action or defense, striking such pleading is not error. Cowen v. Harrington, 5 Idaho 329, 48 P. 1059; § 5-802 I.C.

At the close of all of the evidence the court directed a verdict in favor of the plaintiff. This was proper. Bowman v. Bohney, 36 Idaho 162, 210 P. 135. Over defendants' objection, the court refused to submit to the jury the determination of the attorneys' fee claimed by the plaintiff on the note. The court, itself, fixed the fee at $850, after the jury had returned the verdict as directed. The complaint alleges that $1500 is a reasonable fee and plaintiff's witness testified upon a hypothetical statement of the facts that eight to nine hundred dollars would be a reasonable fee. Defendants offered no evidence on the issue. We find no error. Harshbarger v. Eby, 28 Idaho 753, 156 P. 619.

Judgment affirmed. Costs to respondent.

GIVENS, C. J., and PORTER, THOMAS and KEETON, JJ., concur.