593 P.2d 402

Keith D. ASHBY and Joyce Ashby, husband and wife, Plaintiffs-Appellants,

v.

Elbert HUBBARD and Saundra Hubbard, d/b/a Hubbard Packing Company, La-Mar Barnes and Rory Barnes, Defendants-Respondents.

No. 12677.

Supreme Court of Idaho.

April 16, 1979.

Howard L. Armstrong, Jr., Pocatello, for plaintiffs-appellants.

Williams & Castleton, Preston, Archie W. Service and Ron Kerl of Green, Service, Gasser & Kerl, Pocatello, for defendants-respondents.

SMITH, Judge Pro Tem.

This is an appeal by plaintiffs from a summary judgment in favor of the defendants LaMar and Rory Barnes in a contract action involving the purchase, sale, and processing of a calf. The defendants LaMar and Rory Barnes raised the affirmative defense of an accord and satisfaction prior to the institution of the suit, and later moved for a summary judgment on that ground. The trial court granted the motion and a judgment was entered dismissing Rory and LaMar Barnes from the action with prejudice. It appears from the record that there are disputed material issues of fact for trial and therefore the summary judgment was improperly entered.

The established facts of this case show that on or about the 28th or 29th of August, 1974, the plaintiff Keith Ashby went to the defendant Barnes' farm to inquire as to a steer calf raised by Rory Barnes as a 4–H project. The parties at that time entered into an oral agreement whereby the plaintiffs would purchase the calf for $0.45 per pound, live weight, and defendants would deliver the calf to the Hubbard Packing Company for processing. The plaintiffs in their amended complaint further alleged that the defendant LaMar Barnes made express representations that the calf had been grain fed and that it was of superior quality. The defendant denies any representations and warranties were made.

The animal was delivered to the Hubbards, processed, and then delivered to the plaintiffs pursuant to the agreement. After the Ashbys received the processed meat, they withheld payment saying that the meat was stringy, had a foul odor, and was impossible to eat.

In either December of 1974 or January of 1975, the defendant LaMar Barnes visited the plaintiff Keith Ashby in Pocatello to inquire as to the reason for the nonpayment of the price. At this point, what transpired between the parties is unclear, and disputed by the parties' affidavits and by the briefs before this Court. One fact is clear, however. At the conclusion of their discussion, the plaintiffs gave the defendants a check for $314.00, calculated at $0.43 per pound.

Subsequently, the plaintiffs filed a complaint against Elbert and Joyce Hubbard, d/b/a Hubbard Packing Co., alleging they had negligently or willfully substituted a poorer grade beef than that which had been delivered to them for processing. About one year later the complaint was amended to include LaMar Barnes and his son Rory Barnes as defendants on the grounds they had breached express warranties and misrepresented the quality of the calf they had sold to the Ashbys on the oral contract.

The second amended complaint filed in this action claimed special damages to plaintiffs of $414.20, consisting of processing charges $47.20, locker rental $28.00, transportation charges $20.00, and phone calls $5.00, thus leaving $314.00 for the beef. At $0.43 per pound, the beef would weigh in at 730 pounds alive. The plaintiffs also seek $10,000 general damages for the great distress of body and mind in attempting to eat the purported peculiarly odoriferous inedible beef, plus $10,000 as punitive damages, plus $5,000 in reasonable attorney's fees, together with all costs.

The defendants Barnes moved for summary judgment on May 23, 1977. It was the defendant's contention that the payment of the $314.00 was an accord and satisfaction releasing the defendants Barnes from any further liability on the contract. The plaintiffs alleged they were simply paying the price requested and did not consider that by doing so they were making an agreement to a compromise or an accord and satisfaction. The district court granted the defendants' motion on the ground that during the conversation between LaMar Barnes and Keith Ashby, the parties agreed to an accord and satisfaction, and from this summary judgment the plaintiffs have appealed.

The plaintiffs-appellants make three separate assignments of error. First, they allege not all the requisite elements for an accord and satisfaction were present in the record. Second, they claim there were unresolved material issues of fact that should be submitted to a jury and the district court invaded the province of the jury by entering a summary judgment as a matter of law. Third, they claim that a summary judgment was improper because the plaintiffs were merely trying to mitigate damages.

However, the only substantial question presented by this appeal is whether there existed genuine issues of material fact which made the entry of a summary judgment improper. Summary judgment is properly granted only when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there are no genuine issues as to any material facts and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). In determining whether an issue of material fact is in dispute, facts should be liberally construed in favor of the party against whom summary judgment is sought and all doubts are to be resolved against the moving party. *Ed Sparks & Sons v. Joe Campbell Constr. Co.*, 96 Idaho 454, 530 P.2d 938 (1974); *Schaefer v. Elswood Trailer Sales*, 95 Idaho 654, 516 P.2d 1168 (1973). Since the defendants moved for summary judgment in this case, the trial court should have liberally construed all facts in favor of the Ashbys when determining whether material issues of fact existed. This Court has stated that a motion for summary judgment must be denied if the evidence is such that conflicting inferences can be drawn therefrom and if reasonable men might reach different conclusions. *Otts v. Brough*, 90 Idaho 124, 409 P.2d 95 (1965).

In the present case, the district court concluded that there was sufficient evidence in the record to show that both parties understood and agreed to modifying the terms of the contract to resolve their dispute, and that therefore the defendants have met their burden of showing an accord and satisfaction as a matter of law. Upon review of the record, we conclude that the summary judgment cannot be sustained.

This Court has held that in order for the acceptance of a check to amount to an accord and satisfaction, where it is for a lesser sum than claimed by the creditor to be due, the conditions must be plain, definite and certain by the debtor that he is giving such check in complete settlement of the account between him and his creditor and that acceptance thereof shall close the account or controversy. *Fairchild v. Mathews*, 91 Idaho 1, 415 P.2d 43 (1966); *Clay v. Rossi*, 62 Idaho 140, 108 P.2d 506 (1940). The question of consideration for an accord and satisfaction is no longer a factor unless the contract for the accord remains unexecuted. *Exchange Lumber & Mfg. Co. v. Thomas*, 71 Idaho 391, 233 P.2d 406 (1951); *Finlayson v. Harris*, 49 Idaho 697, 291 P. 1071 (1930); *Marysville Dev. Co. v. Hargis*, 41 Idaho 257, 239 P. 522 (1925). An accord and satisfaction cannot arise by reason of the payment of a sum less than is due, unless it clearly appears not only that this was the intention of the payor, but also the payee expressly agreed to it or was bound to know of the intention at the time of the acceptance. It cannot be too strongly stated that an accord and satisfaction can never be implied from language of doubtful meaning. *Fairchild v. Mathews, supra.* Since an agreement to compromise or settle a claim is essential to finding an accord and satisfaction, it necessarily follows that the existence of an agreement between the parties is a material issue of fact.

The respondents allege that the conduct of the parties conclusively shows they intended to resolve the initial dispute by paying less than originally agreed. By inverse logic, respondents argue that since Keith Ashby paid the amount requested and did not indicate that this was to be treated only as a payment on account, he agreed to an accord and satisfaction. However, the pleadings and affidavit of the defendant do not show any particular facts demonstrating that Ashby understood he was tendering the check for $314.00 in complete settle-

ment of his claim. Barnes' affidavit must be considered mere conclusions of law by a layman that an accord and satisfaction was reached as this document fails to set forth the facts surrounding the discussion with any particularity.

Plaintiffs did not dispute that a check for $314.00 was tendered to Barnes, nor did they dispute that an accord and satisfaction can be inferred from the circumstances surrounding a transaction. They argued that the plaintiff Mr. Ashby did not understand or agree that the payment would result in an accord and satisfaction, and therefore one of the essential elements that there be a "meeting of the minds," was a controverted fact necessitating a trial. In doing so, the appellants rely on the affidavit of Keith Ashby. Ashby's affidavit, filed on March 2, 1977, stated that he tendered the check at defendants' request because defendant LaMar Barnes told him his son needed the money for school. He denied that he requested a reduction in price, or that this was even discussed. He further stated he was not even aware a reduction in price was made. He also stated in his affidavit that there was no discussion of compromising a disputed claim because he did not feel his dispute was with Barnes at that time, and he alleged he would have paid Barnes nothing if he had felt he had a dispute with him. This affidavit controverts Barnes' assertion that an agreement was made between the parties. Furthermore, as appellants point out there was no notation on the check that it was intended as a complete settlement or "payment in full." These words are a commonly used indication that the party intended an accord and satisfaction. 1 Am.Jur.2d., Accord and Satisfaction, § 18.

This Court has stated that where there is a question as to whether the debtor tendered the check in full payment of the sum due, that it is a question for the jury to resolve insomuch as it involves an intention expressed by the acts and statements of the parties. *Fairchild v. Mathews, supra. See also* 1 Am.Jur.2d., Accord and Satisfaction, §§ 16, 18.

It is clear that genuine issues of material fact existed and, therefore, a summary judgment was improper. A trial appears necessary to determine whether the plaintiffs agreed to an accord and satisfaction. Accordingly, the plaintiffs' claim against the defendants LaMar Barnes and Rory Barnes must be reinstated.

Reversed and remanded for further proceedings.

SHEPARD, C. J., BAKES and BISTLINE, JJ., and SCHROEDER, J. Pro Tem., concur.